Loren L. Forrest, Jr.
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone:  212-513-3200
Facsimile: 212-385-9010
loren.forrest@hklaw.com

*Attorneys for Defendant Garda CL Atlantic, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS COLLAZOS,<br><br>                      Plaintiffs,<br><br>-against-<br><br>GARDA CL ATLANTIC, INC.,<br><br>                      Defendant. | CIVIL ACTION NO. _____<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that, on this date, Defendant Garda CL Atlantic, In. ("Garda" or "Defendant"), by and through its attorneys, Holland & Knight LLP, respectfully file this Notice of Removal pursuant to 28 U.S.C. §§ 1332(a)-(c), 1441(a)-(b), 1446, and 1453 because this is a putative class action where there is complete diversity between the named Plaintiff, Carlos Collazos, and the Defendant, and the amount in controversy exceeds $75,000.

### RELEVANT FACTS

1. On or about March 11, 2020, Plaintiff Carlos Collazos filed an action against Garda by filing a Class Action Complaint (attached as **Exhibit A**) in the Supreme Court of New York, County of Queens, Index No. 705670/2021.

2. On or about March 17, 2021, Plaintiff served the Secretary of State, of the State of New York City in the City of Albany, New York at 99 Washington Avenue.

3. On March 19, 2021, Plaintiff filed its Affidavit of Service. A true and accurate copy is attached as **Exhibit B**.

4. Plaintiff alleges claims under the New York Labor Law, and sought class certification of claims against Garda for damages arising from allegedly failing to pay Plaintiff and the Class minimum wage overtime premiums, *see* Compl. ¶ 39, and failing to pay wages within seven days after the end of each workweek in which wages were earned. *Id*. ¶ 45

5. Plaintiff seeks to prosecute this action on behalf of a putative class consisting of all Drivers/Messengers who worked for Garda at Garda's Long Island Facility in the State of New York at any time during the six (6) year period immediately preceding the filing date. *See id.* ¶ 26.

6. As of April 16, 2021, no other pleadings or papers have been filed with the Supreme Court of the State of New York, and no other parties have been joined or served as defendants in this matter.

7. The United States District Court for the Eastern District of New York embraces the place where the State Court Action is pending.

**CONSENT TO REMOVAL**

8. Garda is the only defendant in this action and consents to removal.

**TIMELINESS OF REMOVAL**

9. Garda was served on or about March 17, 2021, when Plaintiff served the Secretary of State, of the State of New York City in the City of Albany. The time to remove as required by 28 U.S.C. § 1446(b) was not triggered until March 17, 2020. Accordingly, this Notice of Removal is timely because it was filed within 30 days of service. *Id*.

## THE VENUE REQUIREMENT IS MET

10. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action is pending.

## DIVERSITY REQUIREMENTS ARE MET

11. This action is properly removable under 28 U.S.C. § 1441(a) because this United States District Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332(a). Section 1332(a) provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

### THERE IS COMPLETE DIVERSITY

12. Plaintiff is a citizen of the State of New York.  *See* Compl. ¶ 7.

13. Defendant Garda is a Delaware corporation, as plead in the Complaint.  Compl. ¶ 3. Its principal place of business is at 2000 NW Corporate Boulevard, Boca Raton, Florida, 33431. *Id.*

14. Accordingly, there is complete diversity as required by 28 U.S.C. § 1332(a) because there is complete diversity of citizenship.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

15. Where, as here, a plaintiff does not expressly plead a specific amount of damages in their complaint, a defendant must only show a reasonable probability that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 59 (2d Cir. 2006).

16. Although Garda flatly rejects liability and Plaintiff's and the proposed class' entitlement to any relief, it respectfully submits that based upon a fair reading of the Amended Complaint and the facts set forth in this Notice of Removal, the named Plaintiff seeks damages which exceed the minimum jurisdictional amount of $75,000.

17. Here, Plaintiff alleges that the putative class consists of "all Drivers/Messengers who worked at Garda's Long Island facility at any time during the six year period immediately preceding the filing of this complaint." Compl. § 26. Plaintiff also alleges that the Proposed Class is so numerous that "joinder of all members is impracticable." Compl. ¶ 28. Plaintiff further alleges "[u]pon information an belief, the size of the Class is at least 200." *Id*. at 29.

18. On behalf of the putative class, Plaintiff seeks alleged compensatory damages including "proper overtime wages for working more than 40, but not more than 50, hours per week", "Compensatory Liquidated damages on all Labor Law Claims," "reasonable attorneys' fees and costs of the action." *See* Compl. ¶ 39 and "Wherefore" clause.

19. Plaintiff alleges that he was employed by Garda as a Driver/Messenger by Garda from "approximately 2010 until the summer of 2018." Compl. ¶ 16. Thus, he was allegedly employed by Garda for three (3) years of the proposed class period.

20. From March 2015 until present, the six year period Plaintiff contends applies, which Garda disputes, Plaintiff has estimated that there are at least 200 people that satisfy the requirements for the proposed class. Compl. ¶ 29. Plaintiff seeks damages as well as the $5,000 maximum statutory penalty, which, if available for each of the proposed class members would exceed $75,000. *See Ramirez v. Oscar De La Renta, LLC*, No. 16-7855, 2017 WL 2062960, at *6 (S.D.N.Y. May 12, 2017) (calculating amount in controversy to include statutory damages under New York Labor Law, and "extrapolating these penalties to the assumed portion of the proposed class entitled to recover them"). Because overtime wages, statutory damages, and liquidated damages, are sought for each class member, Plaintiff's potential recovery far exceeds $75,000.

21. Accordingly, diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

22. Plaintiff's individual claim seeks damages in excess of $75,000, and therefore the amount in controversy requirement is met. *See* 28 U.S.C. § 1332(d)(2), *Achtman v. Kirby, McInerney & Squires, LLP*, 404 F .Supp. 2d 540, 547 (S.D.N.Y. 2005) ("Only one diverse plaintiff need meet the $75,000 amount-in-controversy requirement . . . .").

23. Plaintiff also seeks liquidated damages, *see id.* at Prayer for Relief ¶ B, which are an available remedy pursuant to New York Labor Law. N.Y. Lab. Law § 198(1-a) (allowing recovery of 100% of unpaid wages as liquidated damages). Liquidated damages are considered in determining the amount in controversy where sought in the Complaint. *Cf. Ramirez*, No. 16-7855, 2017 WL 2062960, at *6) (not considering liquidated damages in amount in controversy where plaintiff waived).

24. Finally, courts in this District recognize that attorneys' fees calculated at 30% of a plaintiff's total recovery may be factored in determining the amount in controversy. *See id.*

## REMOVAL IS PROPER

25. Accordingly, this case is properly removable as the parties are completely diverse and the amount in controversy is met.

26. Garda reserve all rights, claims, and defenses relative to the action filed by Plaintiff and expressly does not waive any defense available in filing this notice.

27. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve this Notice of Removal upon all parties and shall promptly serve a copy thereof upon the clerk of the Supreme Court of the State of New York, County of Queens.

**WHEREFORE**, Defendant Garda CL Atlantic, Inc.. respectfully requests that the matter designated by the Amended Complaint be removed to the United States District Court for the Eastern District of New York, and proceed before this Court as an action properly removed.

Dated: April 16, 2020
  New York, New York

                                        Respectfully submitted,

                                        HOLLAND & KNIGHT LLP

                                        /s/ *Loren L. Forrest, Jr.*
                                        Loren L. Forrest, Jr.
                                        31 West 52nd Street
                                        New York, New York 10019
                                        Tel. (212) 513-3200
                                        Fax  (212) 385-9010
                                        loren.forrest@hklaw.com

                                        *Attorneys for Defendant Garda CL Atlantic, Inc.*