# <u>Exhibit A</u>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------------X
CARLOS COLLAZOS,                                                           Index No.

                                            Plaintiff,          **COMPLAINT**

                        - *against* -

GARDA CL ATLANTIC, INC.,

                                            Defendants.
-------------------------------------------------------------------------------X

  Plaintiff Carlos Collazos, individually and on behalf of all other similar situated, through his attorney, the Moser Law Firm, P.C., brings this class action lawsuit against Defendant Garda CL Atlantic, Inc. and alleges as follows:

<div align="center">

**NATURE OF CLAIM**

</div>

  1.  This action is also brought as a class action pursuant to CPLR § 901 to remedy violations of the New York Labor Law, which include:

    (a) Overtime violations (12 NYCRR § 142-2.2);

    (b) Frequency of pay violations under Labor Law § 191; and

    (c) Timeliness of pay violations under Labor Law § 191.

<div align="center">

**PARTIES**

</div>

  2.  Garda CL Atlantic, Inc. provides armored car and cash handling services.

  3.  Defendant, Garda CL Atlantic, Inc., is a foreign corporation incorporated under the laws of the State of Delaware.

  4.  Defendant, Garda CL Atlantic, Inc., maintains a principal executive office at 700 So Federal Hwy, Suite 300, Boca Raton, Florida 33432.

<div align="center">1</div>

5.      For the six-year period preceding the filing of this complaint and up to the present time, Garda CL Atlantic, Inc. has continuously been an employer within the meaning of the Labor Law.

6.      At all relevant times, Garda CL Atlantic, Inc., operated a warehouse and cash and check processing facility located at located at 5-26 45th Ave, Long Island City, NY 11101.

7.      Plaintiff Carlos Collazos is a natural person residing in the County of Queens.

## LAW

*Overtime*

8.      Under the Labor Law "[a]n employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek."  12 N.Y.C.R.R. § 142-2.2.

*Frequency of Pay to Manual Workers*

9.      Pursuant to Labor Law § 191, "a manual worker shall be paid weekly."

10.     Pursuant to Labor Law § 191 a manual worker shall be paid "not later than seven calendar days after the end of the week in which the wages are earned."

11.     "The purpose of [Labor Law § 191] is to protect the manual worker who [is] dependent upon the 'wages' he receive[s] weekly for []his existence." *People v. Bloom*, 7 Misc. 2d 1077, 1078, 167 N.Y.S.2d 179 (N.Y. City Ct. 1957).

12.     An employee who is not timely paid his wages as required by Labor Law § 191 is entitled to compensatory damages under Labor Law § 198.  *See Vega v. CM & Assoc. Constr. Mgmt., LLC,* 2019 NY Slip Op 06459, ¶ 2, 175 A.D.3d 1144, 1146, 107 N.Y.S.3d 286, 288 (App. Div. 1st Dept.).

13.     "It has been [the New York State Department of Labor's] longstanding interpretation of the term 'manual workers' that the term includes more than 25 percent of their

2

working time performing physical labor." *See* N.Y. Dep't of Labor Counsel Opinion Letter RO-09-0066; NY Dep't of Labor Counsel Opinion Letter RO-09-0121; *Gonzalez v. Gan Isr. Preschool,* 2014 U.S. Dist. LEXIS 34633, at *38 (E.D.N.Y. Feb. 5, 2014).

## FACTUAL ALLEGATIONS

14.     The Plaintiff worked at the Defendant's facility located at 5-26 45th Ave, Long Island City, NY 11101 (hereinafter the "Long Island City facility").

15.     Garda had and still has an "overtime-over-50" policy under which it paid for the first ten (10) hours of overtime at the regular rate of pay, rather than 1 ½ times the employee's regular rate of pay. Garda paid 1½ times the employee's regular rate for hours worked in excess of 50 hours in one workweek.

16.     Plaintiff Collazos was employed as a Driver/Messenger by Garda CL Atlantic, Inc. (hereinafter "Garda") from approximately 2010 until the summer of 2018.

17.     Plaintiff Collazos was subject to the "overtime-over-fifty" policy.

18.     Throughout his employment with Garda, Plaintiff Collazos was paid his regular rate for the first 50 hours of work per week.

19.     Pursuant to a uniform policy, Garda only paid Mr. Collazos his overtime premium for hours worked in excess of 50 per week.

20.     Mr. Collazos drove an armored car.

21.     Mr. Collazos lifted and assisted in the delivery and pickup of boxes of coin and currency.

22.     Mr. Collazos spent at least 25% of his time performing physical labor.

23.     Mr. Collazos was a manual worker as defined in Labor Law § 191.

24.     Pursuant to a uniform policy, Garda paid Mr. D'Aguino on a bi-weekly basis .

3

25.     Pursuant to a uniform policy, the first week's wages of each bi-weekly pay period were not paid within seven calendar days of the end of the week in which such wages were earned.

### THE CLASS

26.     The Plaintiff brings the First and Second Causes of Action under CPLR § 901, on behalf of himself and a class consisting of all Drivers/Messengers who worked at Garda's Long Island City facility at any time during the six year period immediately preceding the filing of this complaint.

27.     Excluded from the Classes are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants, and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

28.     The persons in the Class are so numerous that joinder of all members is impracticable.

29.     The precise number of persons in the Class is within the knowledge of the defendants.  Upon information and belief, the size of the Class is at least 200.

30.     The claims of the Plaintiff are typical of the claims of the Class he seeks to represent.  The Plaintiff and the Class Members work or have worked for Defendant and have been subjected to its uniform policies and patterns or practices of (a) Failing to pay the overtime premium for the first ten hours of overtime worked per week, and instead paying for the employees' first ten hours of overtime at the regular rate of pay; (b) Failing to pay Drivers/Messengers on a weekly basis, as required by Labor Law § 191; and (c) Failing to pay

4

for the first week's wages of each bi-weekly pay period within seven (7) days after the end of said workweek.

31.     The Plaintiff will fairly and adequately represent and protect the interests of the Class. The Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately. The Plaintiff recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests. The Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interest over those of the Class. The Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the class. The Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, at a deposition and at trial.

32.     The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

33.     The First and Second Causes of Action are properly maintainable as a class action under CPLR § 901. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the Class, including but not limited to: (1) whether the class members were entitled to the overtime premium for working more than 40 but not more than 50 hours per week; (2) whether the class members were manual laborers and thus entitled to the protections of Labor Law § 191; and (3) the  appropriate measure of damages for statutory violations.

5

34.     A class action is superior to other available methods for the fair and efficient

adjudication of this litigation – particularly in the context of wage litigation like the present

action, where individual plaintiffs may lack the financial resources to vigorously prosecute a

lawsuit against a corporate defendant. The members of the Class have been damaged and are

entitled to recovery as a result of Defendant's common and uniform policies, practices, and

procedures. Although the relative damages suffered by individual members of the Class are not

de minimis, such damages are small compared to the expense and burden of individual

prosecution of this litigation. In addition, class treatment is superior because it will obviate the

need for unduly duplicative litigation that might result in inconsistent judgments about

Defendant's practices.

## FIRST CAUSE OF ACTION
### Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations (12 NYCRR § 142-2.2)

35.     Plaintiff  realleges and incorporates by reference each allegation contained in the

paragraphs above as though fully set forth herein.

36.     Defendant employed Plaintiff and the Class.

37.     Plaintiff and the Class were employees of the Defendant.

38.     Defendant was required to pay Plaintiff and the Class at a rate of one and one half

the regular rate for all hours worked in excess of forty (40) hours in a workweek.

39.     Defendant failed to pay Plaintiff and the Class the proper overtime wages for

working more than 40, but not more than 50, hours per week.

40.     Defendant willfully deprived the Plaintiff and the Class of the overtime wages to

which they were entitled.

6

## SECOND CAUSE OF ACTION
### Labor Law § 191

41.     Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

42.     Plaintiff and the Class were manual workers as defined by the Labor Law.

43.     Plaintiff and the Class were entitled to be paid on a weekly basis and no later than seven days after the workweek in which the wages were earned.

44.     Defendants willfully failed to pay the Plaintiff and the Class as frequently as required by Labor Law § 191.

45.     Defendants willfully failed to pay wages within seven days after the end of each workweek in which wages were earned as required by Labor Law § 191.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court grant the following relief:

A.  Unpaid overtime pay under the Labor Law;

B.  Compensatory Liquidated damages on all Labor Law Claims;

C.  Reasonable attorney's fees and costs of the action;

D.  Prejudgment interest; and

E.  Such other relief as this Court shall deem just and proper.

Dated: Huntington, New York
       March 11, 2021

<div style="margin-left: 50%">

MOSER LAW FIRM, P.C.


By:  Steven J. Moser
5 E. Main Street
Huntington, New York  11743
(516) 671-1150
smoser@moseremploymentlaw.com
*Attorneys for Plaintiff*

</div>

7