# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Loren L. Forrest Jr.
212-513-3370
Loren.Forrest@hklaw.com

May 12, 2021

*VIA ECF*

The Honorable James R. Cho
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Collazos v. Garda CL Atlantic, Inc., 21-cv-02095-PKC-JRC**

Dear Judge Cho:

Defendant, Garda CL Atlantic, Inc. ("Garda" or "Defendant"), by and through its undersigned counsel Holland & Knight LLP, responds to the Court's Order to Show Cause dated April 29, 2021 to show that Garda's removal of the above-captioned matter to this Court is proper.

As detailed in the analysis below, the Court can assert diversity subject matter jurisdiction in this case because the parties are diverse and the amount in controversy exceeds seventy-five thousand dollars ($75,000) based on the allegations asserted by Plaintiff, Carlos Collazos ("Plaintiff") in the Complaint. This letter does not constitute an admission to any allegations in Plaintiff's Complaint, or a waiver of Garda's legal defenses. The assertions herein are based solely on the factual allegations and legal assertions found in Plaintiff's Complaint, as well as Garda's information regarding Plaintiff's employment.[1] *See* Declaration of Jacqueline Wulff, dated May 12, 2021, attached as Exhibit A.

## FACTUAL BACKGROUND

According to the Complaint, Garda employed Plaintiff as a driver from approximately 2010 until the summer of 2018, and paid Plaintiff bi-weekly. Compl. ¶¶ 16, 24. Plaintiff's hourly rate of pay from March of 2015 until January of 2016 was $20.85; he was subsequently paid $20.95 per hour from February of 2016 until April of 2016; $18.60 per hour from April of 2016 until May of 2016; $19.20 per hour from May of 2016 until January of 2017; $19.40 per hour from January of 2017 until January of 2018; and finally, $19.55 per hour from January of 2018 until his termination in

---

[1] Garda vigorously disputes many of the factual and legal allegations and claims in Plaintiff's Complaint. However, for the purposes of this analysis, the allegations in Plaintiff's Complaint are accepted as true. For purposes of that analysis only, Garda provides this response, and reserves the right to dispute, defend, and strike the damages and claims, which Garda may contend lack a basis in fact, law or merit.

Anchorage | Atlanta | Austin | Boston | Chicago | Dallas | Denver | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami
New York | Northern Virginia | Orlando | Portland | San Francisco | Tallahassee | Tampa | Washington, D.C. | West Palm Beach

August 20, 2018. *See* Ex. A. Accordingly, from March of 2015 to August of 2018, Plaintiff was paid a total of $133,791.01, solely in bi-weekly payments. *See* Ex. A.

## PLAINTIFF'S COMPLAINT SEEKS DAMAGES THAT EXCEED $75,000[2]

Plaintiff's Complaint seeks damages for Garda's alleged failure to pay Plaintiff overtime after 40 hours of work, (Plaintiff's First Cause of Action) and for alleged failure to pay wages on a weekly basis (Plaintiff's Second Cause of Action).

### Plaintiff's Causes of Action

Plaintiff's First Cause of Action seeks payment for unpaid overtime at their regular rate of pay. According, to Plaintiff, "Defendant was required to pay Plaintiff and the Class at a rate of one and one half the regular rate for all hours worked in excess of forty (40) hours in a workweek." Compl. ¶ 38. Plaintiff's Second Cause of Action alleges that "Defendants willfully failed to pay the Plaintiff and the Class as frequently as required by Labor Law § 191" and "Defendants willfully failed to pay wages within seven days after the end of each workweek in which wages were earned as required by Labor Law § 191." Compl. ¶¶ 44-45.

Plaintiff's prayer for relief seeks the following damages:

    A. Unpaid overtime pay under the Labor Law;
    B. Compensatory Liquidated damages on all Labor Law Claims;
    C. Reasonable attorney's fees and costs of the action;
    D. Prejudgment interest; and
    E. Such other relief as this Court shall deem just and proper.

### Standard of Review

Generally, to determine the jurisdictional amount in controversy requirement, "the sum claimed by the plaintiff controls, if the claim is apparently made in good faith." *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify a dismissal." *Id.*

Furthermore, the New York Labor Law ("NYLL") provides for a six years statute of limitations for unpaid wage claims or other claims arising under the NYLL. *See* NYLL §§ 198(3), 663(3). Accordingly, Defendant's calculations for purposes of this Letter go back to March of 2015.

---

[2] Defendant's Counsel reviewed Plaintiff's Complaint, and obtained information regarding his regular hourly rate and yearly earnings from Garda in order to make the calculations, which assess the potential amount in controversy, not necessary the amount owed to Plaintiff. *See* Declaration of Jacqueline Wulff, dated May 12, 2021, attached as Exhibit A.

May 12, 2021
Page 3

### Calculations of Potential Damages Based on Plaintiff's Allegations

Plaintiff brought this lawsuit against Garda under the NYLL claiming that Garda filed to pay him overtime for all hours worked in excess of 40.

### (1) Actual Damages and Liquidated Damages (approximately $92,500.6)

First, based on the First Cause of Action, Plaintiff's claim may amount to actual damages of approximately $12,802.55, and liquidated damages of $12,802.55, for a total amount of over **$25,605.10**. NYLL §198.

Indeed, Plaintiff First Cause of Action alleges that "Defendant was required to pay Plaintiff and the Class at a rate of one and one half the regular rate for all hours worked in excess of forty (40) hours in a workweek." If true, Plaintiff may be entitled to the following amounts for the years 2015 – 2018:

**March 2015 - January 2016**: From March of 2015 until February of 2016, Plaintiff's hourly rate of pay was $20.85; thus, his overtime rate as alleged by Plaintiff's Complaint would be $31.28. The difference would be $10.43 per overtime hour. At a maximum of 10 hours of overtime per week during this time period, Plaintiff's claim would amount to approximately $5,006.40. Given that Plaintiff's total earning for 2015 was $72.551.44, it appears that Plaintiff may have often worked overtime during that year. *See* Ex. A.

**February 2016 – March 2016**: From February of 2016 until April of 2016, Plaintiff's hourly rate of pay was $20.95; thus, his overtime rate as alleged by Plaintiff's Complaint would be $31.43. The difference would be $10.48 per overtime hour. At a maximum of 10 hours of overtime per week during this time period, Plaintiff's claim would amount to approximately $838.40. *See* Ex. A.

**April 2016**: In April of 2016, Plaintiff's hourly rate of pay was $18.60; thus, his overtime rate as alleged by Plaintiff's Complaint would be $27.90. The difference would be $9.30 per overtime hour. At a maximum of 10 hours of overtime per week during that month, Plaintiff's claim would amount to approximately $372.00. *See* Ex. A.

**May 2016 – December 2016**: From May of 2016 until December of 2016, Plaintiff's hourly rate of pay was $19.20; thus, his overtime rate as alleged by Plaintiff's Complaint would be $28.80. The difference would be $9.60 per overtime hour. At a maximum of 10 hours of overtime per week during this time period, Plaintiff's claim would amount to approximately $3,360.00. *See* Ex. A.

**January 2017 – December 2017**:  Because Plaintiff worked mostly part-time in 2017, it does not appear that he worked overtime.  Accordingly, this time period was not included in the removal calculation.

**January 2018 – August 2018**:  From January of 2018 until August of 2018, Plaintiff's hourly rate of pay was $19.55, and his overtime rate as alleged by Plaintiff's Complaint would be $29.33.  The difference would be $9.78 per overtime hour.  At a maximum of 10 hours of overtime per week during this time period, Plaintiff's claim would amount to approximately $3,225.75. *See* Ex. A.

Accordingly, accordingly to Plaintiff's Complaint, from March 2015 to August 2018, Plaintiff may be entitled to claim actual damages of $12,802.55 and liquidated damages of $12,802.55, for a total amount of over **$25,605.10**.  NYLL §198.

Second, based on Plaintiff's Second Cause of Action, Plaintiff's claim liquated damages totaling over **$66,895.50**.  In this cause of action, Plaintiff claims that he is entitled to damages pursuant to NYLL §191 because Garda filed to pay him on a weekly basis.  This may be true as NYLL §191, and the cases interpreting it have found that the potential liquidated damages recoverable for a violation of the statute are the amount of the underpayment or the failure to receive pay that week and each week that occurs.  NYLL § 191 (stating that "a manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned."); *Vega v. CM & Assocs. Constr. Mgmt.*, LLC, 175 A.D.3d 1144 (2019); *Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18CV0086SJFAKT, 2019 WL 1559424, at *4 (E.D.N.Y. Apr. 9, 2019).  Further, NYLL §198 reads as follows:

> In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to **recover the full amount of any underpayment**, **all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules**, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, **an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due,…**  Emphasis added.

NYLL § 191.  In *Vega v. CM & Assocs. Constr. Mgmt.*, LLC, 175 A.D.3d 1144 (2019), the court determined that liquidated damages may be available under NYLL § 198(1–a) to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages.  Similarly, courts in the Eastern District of New York have reached a similar conclusion.  *See Scott, v. Whole Foods Mkt. Grp., Inc.*, No. 18CV0086SJFAKT, 2019 WL 1559424, at *4 (E.D.N.Y. Apr. 9, 2019).  Notably, even in the absence of actual damages, NYLL § 191 "requires no additional evidence of actual damages beyond that delay, and an inquiry into "actual" damages is not made in cases involving violations of § 191."  *Id*.

May 12, 2021
Page 5

Garda reserves the right to make additional substantive arguments as to Plaintiff's alleged entitlement for actual and liquidated damages under NYLL § 191 under the facts and the law at a later time. However, a cursory review of the case law and NYLL §191 demonstrate that Plaintiff's claim for damages amounts to 50% of the pay actually received—or in other words, pay for every other week of pay not received. Accordingly, because Garda paid Plaintiff a total of $133,791.01 from March 2015 to August of 2018 (*See* Ex. A), it appears that, based on Plaintiff's Complaint and allegations that Garda failed to pay Plaintiff on a weekly basis, Plaintiff's potential liquidated damages for this period would amount be fifty percent of his pay, thus **$66,895.50**.

### (2) Prejudgment Interest (over $3,400)

Plaintiff's Complaint requests an award for prejudgment interests. Generally, New York law provides for an award of prejudgment interest on a variety of claims, including the claims for unpaid wages asserted here, at an annual rate of nine percent. *See* N.Y. C.P.L.R. §§ 5001, 5004; *See* NYLL § 198 (stating that the court shall allow the employee to recover the full amount of any underpayment, all reasonable attorney's fees, ***prejudgment interest*** as required under the civil practice law and rules) (emphasis added). A court has discretion to choose a reasonable accrual date. *Conway v. Icahn & Co., Inc.*, 16 F.3d 504, 512 (2d Cir. 1994). Courts often select the median date between the earliest ascertainable date the action arose, and the date the Plaintiff filed suit. *See, e.g.*, *Pavia v. Around the Clock Grocery, Inc.*, 2005 WL 4655383, at *8 (E.D.N.Y. Nov. 15, 2005); *Sarmiento Perez v. Comhar Grp. LLC*, No. 19-CV-0964 (FB) (JO), 2020 WL 1364908, at *7 (E.D.N.Y. Mar. 6, 2020), report and recommendation adopted, No. 19-CV-964 (FB) (JO), 2020 WL 1332200 (E.D.N.Y. Mar. 23, 2020). An award of prejudgment interests is calculated on the unpaid wages due under the NYLL, not on the liquidated damages awarded under the state law. *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 49 (E.D.N.Y. 2015).

Accordingly, NYLL § 198 explicitly provides for prejudgment interest where a plaintiff brings a successful claim. Assuming that Plaintiff's claims began to accrue in March of 2015 and Plaintiff filed suit in March of 2021, the median date for accrual of prejudgment interest began on March of 2018 and would continue daily on the actual wage damages of $12,802.55. Each year of interest is $1,156.38, compounded yearly, which for three years would be approximately **$3,469.14**.

### (3) Attorney's Fees

The Second Circuit has held that attorney's fees may be used to satisfy the amount in controversy where they are recoverable as of right pursuant to statute or contract. *Givens v. W.T. Grant Co.*, 457 F.2d 612, 614 (2d Cir. 1972), vacated on other grounds, 409 U.S. 56, 93 S.Ct. 451, 34 L.Ed.2d 266 (1972); *Maxons Restorations, Inc. v. Newman*, 292 F. Supp. 2d 477, 482 (S.D.N.Y. 2003); *Gardiner Stone Hunter Int'l v. Iberia Lineas Aereas De Espana, S.A.*, 896 F. Supp. 125, 128 (S.D.N.Y. 1995); *Trapanotto v. Aetna Life Ins. Co.*, No. 95 Civ. 10704, 1996 WL 417519, at *9 (S.D.N.Y. July 25, 1996). To that effect, the court may consider attorney's fees as part of the amount in controversy where they are anticipated or awarded in the governing statute. *Henry v. Warner Music Grp. Corp.*, No. 13-CV-5031 (PGG), 2014 WL 1224575, at *3 (S.D.N.Y. Mar. 24,

#84294720_v1

May 12, 2021
Page 6

2014). Accordingly, in an action brought pursuant to the NYLL, which expressly allows for an award of attorney's fees, attorneys' fees may be included in the calculation of the amount in controversy. *Id*. (citing NYLL § 198). In wage-and-hour cases, including those brought under the NYLL, "fee awards representing one third of the total recovery are common." *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016). Accordingly, to estimate the jurisdictional threshold, the Court may consider reasonable attorney's fees.

Here, assuming that fees amount to approximately one third of the potential recovery, the attorneys' fees award would amount to approximately $30,833. Even a nominal attorney fee award in the instant case would be likely be no less than $7,800, which is approximately the amount of attorney fees and costs the Eastern District of New York awarded to Plaintiff's counsel in a case where the defendant defaulted. *See Maldonado v. Landzign Corp.*, No. CV 15-3054(DRH)(GRB), 2016 WL 4186982, at *1 (E.D.N.Y. Aug. 8, 2016) (awarding attorney fees and costs in a default judgment). That said, we would expect reasonable attorney fees in the instant case to be a minimum of at least $12,000 – and possibly reach $30,833, as Defendant Garda has not defaulted and will fully defend itself throughout this class action litigation resulting in a significant legal fees for both the Defendant Garda and the Plaintiff.

**Adding these estimate amounts together,**

| | |
|---|---|
| Plaintiff's potential NYLL overtime damages for hours between 40-50: | $12,802.55 |
| Plaintiff's potential NYLL liquidated overtime damages: | $12,802.55 |
| Plaintiff's potential NYLL liquidated damages for weekly pay: | $66,895.50 |
| Plaintiff's potential prejudgment interest on overtime claims: | $3,469.14 |
| Plaintiff's potential attorney fees: | $12,000 to $30,833 |
| Plaintiff's Potential Recovery and Amount in Controversy | **$107,969.74 to $126,802.74**[3] |

This estimate does not constitute a waiver of Garda's right to dispute Plaintiff's factual or legal allegations. However, based on the factual and legal allegations in the Complaint, Garda believes that the amount in controversy exceeds $75,000. Accordingly, this Court has proper jurisdiction.

---

[3] Defendant's Counsel reviewed Plaintiff's Complaint, and obtained information regarding his regular hourly rate and yearly earnings from Garda in order to make the calculations, which assess the potential amount in controversy, not necessary the amount owed to Plaintiff. *See* Ex. A.

#84294720_v1

May 12, 2021
Page 7


Respectfully submitted,

**HOLLAND & KNIGHT LLP**

/s/ Loren L. Forrest, Jr.
    Loren L. Forrest, Jr.

#84294720_v1