**Holland & Knight**

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Loren L. Forrest Jr.
+1 917-854-9800
Loren.Forrest@hklaw.com

September 15, 2021

Judge Pamela K. Chen
Courtroom: 4F
Chambers: N 631
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Carlos Collazos v. Garda CL Atlantic, Inc 21-cv-02095-PKC-JRC*

Dear Judge Chen:

Pursuant to your Honor's Individual Practices and Rules, Rule 3(A) and Section 3 of the Federal Arbitration Act ("FAA"), Garda CL Atlantic, Inc. ("Garda") requests a pre-motion conference with Your Honor regarding its Motion to Compel Arbitration and Stay the Proceeding Pending Arbitration pertaining to the above referenced matter because Plaintiff is bound by the grievance and arbitration procedures set forth in the collective bargaining agreement between Garda and Plaintiff's Union.

I.    **BACKGROUND**

Plaintiff, Carlos Collazos filed the above referenced putative class action Lawsuit against Garda, alleging multiple violations of New York Labor Laws which Garda removed to the Eastern District of New York. Garda is in the Investigation and Security Services Industry. Plaintiff was employed by Garda as a Driver/Messenger from approximately 2010 until the summer of 2018. During the time of his employment Plaintiff was a member of the United Federation of Special Police and Security Officers, Inc., Local 601 (the "Union"). Garda and the Union are signatories to a Labor Agreement, "entered into for the purpose of *fixing the scale of wages*, schedule of hours and general rules and regulations affecting employees . . ." *See* Labor Agreement, attached as **Exhibit 1**.

Article 4 of the Labor Agreement, states the following, in relevant part:

> (a) A grievance is defined as a condition that exists as a result of an unsatisfactory response or adjustment or failure to adjust a legitimate controversy, claim or dispute by an employee, shop steward or the Union concerning entitlement to compensation, benefits, hours, or working herein, including without limitation, claims of harassment or discrimination or hostile work environment in any form, including without limitation, any claim based on sex, religion, national origin, ethnicity, gender, disability, or perceived disability, or age, veteran or military

> status, or any claim of retaliation for making any such or similar claim, or the interpretation or application of this Agreement or any agreement made supplementary thereto, or any claim under any federal, state or local law, statute or regulation or under any common law theory whether residing in contract, tort or equity or any other claim related to or part of the employment relationship
> . . .
> (d) The arbitrator shall be selected from a list of seven (7) provided by the Federal Mediation and Conciliation Service or other agreed upon mediation and arbitration service, within five (5) calendar days. . . after a panel has been presented to both parties…
> . . .
> (g) The Union and the Company agree to file and/or bring any grievance alleging any statutory wage violation or discrimination claim on an individual bases only and not on a class or collective basis on behalf of more than one (1) bargaining unit employee, and any arbitrator selected to hear or resolve a grievance shall not have the power or authority or jurisdiction to permit a class or collective basis arbitration proceeding or render a decision on behalf of more than one (1) bargaining unit employee, unless the Union, the concerned bargaining unit employees and the Company otherwise consent in writing before the arbitration proceeding is commenced.

See **Ex. 1**, Article 4. Here, instead of filing his claim with an arbitrator, Plaintiff filed the instant Lawsuit, which was a clear disregard of the Labor Agreement. Not only did Plaintiff bypass the arbitration requirement, Plaintiff also ignored provision 4(g) proscribing class or collective actions. The Labor Agreement contains an arbitration provision that encompasses all of Plaintiff's claims against Garda and prohibits class actions. As such, Garda requests the Court grant it leave to file a Motion to Compel Arbitration of the claims stated in the Lawsuit and stay all the claims against Garda pending completion of the same.

II.  **THE GRIEVANCE AND ARBITRATION PROVISION APPLIES TO PLAINTIFF AND ALL OF PLAINTIFF'S CLAIMS ARE COVERED UNDER THE AGREEMENT**

The FAA establishes a "liberal federal policy favoring arbitration agreements." *CompuCredit Corp. v. Greenwood*, 132 U.S. 665, 669 (2012) (quotations & citation omitted); *see also AT&T Mobility LLC v. Concepcion*, 131 U.S. 1740, 1745 (2011) (same); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) (same). Section 4 of the FAA governs motions to compel arbitration and provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court … for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

There is no room for "the exercise of discretion by a district court, but instead [the FAA] mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218

(1985); *CompuCredit Corp. v. Greenwood*, 565 U.S. 95 (2012). Moreover, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," regardless of the nature of the disputed issue. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

When assessing a motion to compel arbitration, courts apply a two-part test to determine: (1) whether the parties agreed to arbitrate; and (2) whether the parties' claims fall within the scope of the agreement. *JLM Indust. v. Stolt-Nielsen SA,* 387 F.3d 163, 168 (2nd Cir. 2004). The party who tries to avoid arbitration generally bears the burden of establishing that the arbitration agreement is inapplicable. *Harrington v. Atl. Sounding Co.*, 602 F.3d 113, 124 (2nd Cir. 2010). Here, both prongs of the test weigh decidedly in favor of compelling arbitration. *See Alfonso v. Maggies Paratransit Corp.*, 203 F. Supp. 3d 244, 253 (E.D.N.Y. 2016)(the Court held Plaintiff's claims are subject to mandatory arbitration); *Shang Zhong Chen v. Kyoto Sushi, Inc.*, No. 15CV7398DLIJO, 2017 WL 4236556, at *7 (E.D.N.Y. 2017)(same); *Cypress v. Cintas Corp. No. 2*, No. 16CV2478ADSARL, 2017 WL 564492, at *4 (E.D.N.Y. 2017)(same).

First, upon commencement of his employment with Garda, and following designation of the Union as his collective bargaining agent, Plaintiff unequivocally agreed to be bound by the terms of the agreement negotiated on his behalf. *See Pupiales v. Bldg. Mgmt. Co.*, No. 2012 Civ. 158098, 2014 WL 255711, at *1 (Sup. Ct. N.Y. Cty. 2014) ("[H]aving designated the union as [her] collective bargaining agent, Plaintiff is bound by the terms of the agreement negotiated for and made on [her] behalf, including the mandates set forth in the CBA's arbitration clause."), *aff'd*, 126 A.D.3d 491 (1st Dep't 2015); *Schacht v. New York*, 39 N.Y.2d 28, 32 (1976) (same). Accordingly, Plaintiff agreed to arbitrate the legal disputes at issue here with Garda.

Plaintiff's allegations of overtime violations, frequency of pay violations and timeliness of pay violations, fall squarely within the scope of the Labor Agreement and therefore must be arbitrated. The Grievance and Arbitration provision of the Labor Agreement specifically contemplates "claim[s] or dispute[s] by any employee . . . concerning entitlement to compensation, benefits, hours or working herein…" *See* **Ex. 1**, Article 4. Thus, this clause unequivocally encompasses Plaintiff's NYLL claims. *Salzano v. Lace Entm't, Inc.*, No. 13-CV-5600 (LGS), 2014 WL 3583195, at *2 (S.D.N.Y. Jul. 18, 2014) ("FLSA and NYLL claims were not intended by the respective legislatures to be non-arbitrable."). Further, the Labor Agreement specifically proscribes class or collective actions.[1] Accordingly, Plaintiff's claims are ripe for arbitration and must be brought on an individual basis. But both collective bargaining agreements require arbitration of wage and hour claims, so Plaintiff's claims are in the incorrect forum.

---

[1] The 2017 Labor Agreement (**Exhibit 2**) and the current Labor Agreement, contain nearly identical Grievance and Arbitration Provisions. Although the 2017 Labor Agreement does not contain the class action waiver, its absence has no impact here, as the current Labor Agreement controls. *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 98 (2d Cir. 1999) (arbitration clause covering claims "arising under or relating to" the agreement encompassed claims pre-dating the arbitration clause); *Duraku v. Tishman Speyer Props., Inc.*, 714 F. Supp. 2d 470, 474 (S.D.N.Y. 2010) (finding that although the agreement did not expressly state it applied retroactively, such failure did not "relieve plaintiffs of their obligation to abide" by the alternative dispute resolution procedure.); *Pontier v. U.H.O. Mgmt. Corp.*, No. 10 CIV. 8828 RMB, 2011 WL 1346801, at *3 (S.D.N.Y. 2011) (same).

September 15, 2021
Page 4

    Pursuant to the above, Garda respectfully requests a pre-motion conference with Your Honor for its Motion to Stay the Proceedings and Compel Arbitration because a valid and enforceable arbitration provision exists and Plaintiff agreed to arbitrate all the claims at issue here.

Sincerely yours,

**HOLLAND & KNIGHT LLP**


By: /s/ Loren L. Forrest, Jr.
     Loren L. Forrest Jr.

#150535482_v1