

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

October 1, 2021

**VIA ECF**

Hon. Pamela K. Chen, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

Re:   *Collazos v. Garda CL Atlantic, Inc.,*  21-cv-02095-PKC-JRC

Dear Judge Chen:

     I represent the Plaintiff in the above referenced action.  I apologize for not timely responding to the Defendant's Pre-Motion letter regarding its anticipated motion to compel arbitration and thank the Court for *sua sponte* granting additional time to respond.

**PROCEDURAL BACKGROUND**

     This action was commenced in State Court and removed by Defendant Garda CL Atlantic, Inc. ("Garda") on the basis of diversity jurisdiction.  Defendant further explained, in response to Magistrate Judge Cho's Order to Show Cause, that this Court has jurisdiction.  *See* ECF No. 8.  Now, Garda asserts that this Court *would have* jurisdiction if not for an arbitration provision in a collective bargaining agreement ("CBA") between Garda and the United Federation of Special Police and Security Officers, Inc., Local 601 (the "Union").

     Plaintiff Collazos claims that he and other Drivers/Messengers at Garda's Long Island City Facility (1) were subject to Garda's overtime-over-50 policy whereby the first ten hours of overtime were paid at the regular rate, rather than at the overtime rate, and (2) were not paid weekly and within 7 days of the end of each pay period as required by NYLL § 191.  The Drivers/Messengers were required to drive all day and load/unload heavy boxes of coin and currency.  The essential functions of the job included frequently lifting and moving up to 50 pounds.  These were clearly "workingmen" and "workingwomen" entitled to the protections of NYLL § 191. *See* NYLL 190 (defining "manual worker" as a "mechanic, workingman or laborer.").

     Garda furnishes two CBAs effective June 1, 2016 ("CBA I") and September 1, 2018 ("CBA II"), and claims that Collazos is required to arbitrate his statutory claims under the terms of both these agreements.  He is not.

**SUMMARY**

CBA II is entirely inapplicable, as the Plaintiff was no longer a Union member or employee of Garda at the time it became effective. *See Agarunova v. Stella Orton Home Care Agency, Inc.*, No. 16-CV-0638 (MKB), 2019 U.S. Dist. LEXIS 49228, at *13 (E.D.N.Y. Mar. 25, 2019). Regardless of whether CBA I or CBA II apply, however, they do not compel arbitration. They contain neither an explicit waiver of the Plaintiff's right to a judicial forum nor a mandatory arbitration clause. Moreover, under the terms of the CBAs, the arbitrator does not have the discretion to decide issues such as the timing of payment of wages and entitlement to overtime pay. Therefore, the arbitral forum does not have the power to determine the issues presented to this Court.

NOTE: Should the motion be fully briefed, we will submit evidence that only months before CBA I was entered into, a class and collective action was commenced in the Eastern District of New York for the precise violations at issue in this case. The timing raises serious questions as to whether CBA I was an extra judicial attempt to exclude certain putative class members from participating in the pending action. It also raises questions as to whether Garda, or the Union, or both knew of the alleged violations at the time they negotiated the purported "waiver", and whether the ratification process was tainted.

**THE CBAs DO NOT "CLEARLY AND EXPLICITLY WAIVE" THE PLAINTIFF'S STATUTORY RIGHTS**

Although courts normally resolve "any doubts . . . in favor of arbitration" (*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)), "an exception to the scope presumption applies in the context of a union's waiver of its members' right to bring statutory claims in court." *Abdullayeva v. Attending Homecare Servs. LLC*, 928 F.3d 218, 222 (2d Cir. 2019). Such waivers of union members' right to bring claims in court "must be 'clear and unmistakable.'" *Lawrence v. Sol G. Atlas Realty Co., Inc.*, 841 F.3d 81, 82 (2d Cir. 2016) (quoting *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 79-80, 119 S. Ct. 391, 142 L. Ed. 2d 361 (1998)).

A CBA "unmistakably waives" the right to pursue statutory claims in court by making arbitration the "sole and exclusive remedy" for certain statutory violations. Courts finding that there was a waiver invariably focus on *express language* in the CBA making arbitration the "<u>sole and exclusive remedy</u>." *See, e.g.,* Pena v. 220 E. 197 Realty LLC, No. 20-CV-7039 (JPO), 2021 U.S. Dist. LEXIS 137768, at *5 (S.D.N.Y. July 23, 2021); *Aboul v. Ameritania 54th Assocs.*, No. 19-CV-9986 (RA), 2021 U.S. Dist. LEXIS 164970, at *5-6 (S.D.N.Y. Aug. 31, 2021); Favors v. Triangle Servs., 207 F. Supp. 3d 197, 201 (E.D.N.Y. 2016); *Rodriguez v. Newmark & Co. Real Estate*, 2021 NY Slip Op 30862(U), ¶ 6 (Sup. Ct.); *Gjoni v. Orsid Realty Corp.*, 2015 U.S. Dist. LEXIS 97687, at *7 (S.D.N.Y. July 22, 2015), *Wilson v. PBM, LLC*, 2021 NY Slip Op 00593, ¶ 5, 193 A.D.3d 22, 31, 140 N.Y.S.3d 276, 283 (App. Div. 2nd Dept.), *Jenkins v. Collins Bldg. Servs.*, 2013 U.S. Dist. LEXIS 186412, at *3 (S.D.N.Y. Oct. 16, 2013); *Gjoni v. Orsid Realty Corp.*, 2015 U.S. Dist. LEXIS 97687, at *7 (S.D.N.Y. July 22, 2015)(all finding waiver in light of express language stating that arbitration is the "sole and exclusive remedy").

The CBAs in this case contain no statement that arbitration is the "sole and exclusive remedy." As pointed out by the Supreme Court, the right to a "judicial forum is of sufficient importance to be protected against less-than-explicit union waiver in a CBA. The CBA in this case does not meet that standard." *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 80, 119 S. Ct. 391, 396 (1998).

### ARBITRATION IS NOT MANDATED BY THE CBAs

The Second Circuit has held that, to be valid, a waiver in a CBA of a right to a judicial forum must be so clear that it is not "susceptible to a contrary reading." *Lawrence v. Sol G. Atlas Realty Co.*, 841 F.3d 81, 83 (2d Cir. 2016)(emphasis supplied). The CBAs inform employees that during the first 180 days of employment, they will not "<u>have access</u> to the grievance procedure"[1], suggesting that the grievance procedure is permissive rather than compulsory. The CBAs do not inform employees that during their first 180 days, they are not "<u>required to follow</u>", "<u>bound by</u>", or "<u>subject to</u>" the grievance procedure.

Moreover, although the Union and Garda may have agreed to "grieve" violations of law, they did not agree to mandatory arbitration of grievances, a fact which is fatal to Garda's position. The paragraph defining "grievance" (4(a)) in each CBA does not even mention the word "arbitration." Following the presentation of a grievance by the Union, the following procedure is described: The Union and Garda meet. Then "If after such management union meeting [], <u>arbitration is still necessary</u> because a legitimate as well as significant issue of contract application remains open, then both the Company and the Union shall prepare a written position statement for submission to the arbitrator." *Id.* The arbitration process is <u>entirely discretionary, non-compulsory, and cannot even be invoked by the aggrieved employee</u>.

### UNDER THE TERMS OF THE CBAs, THE ARBITRATOR DOES NOT HAVE THE AUTHORITY TO ENFORCE THE EMPLOYEES' RIGHTS TO THE TIMELY PAYMENT OF WAGES OR OVERTIME

The arbitrator has "<u>no power or authority to substitute his/her discretion for the [Garda's] discretion in situations where [Garda] has retained sole discretion in this Agreement</u>." CBA I and II, Article 4(f)(emphasis supplied). Under the CBAs, Garda reserves the right to exercise "complete discretion" over all terms and conditions of employment "except as otherwise set forth in" the CBA. See Article 24 – MANAGEMENT RIGHTS, subsection (a). Because the contract is silent as to the timing or frequency of payment of wages, and is likewise silent concerning Garda's overtime policies, Garda has retained "sole discretion" over these subjects. The Arbitrator has no authority to determine the issues presented to the Court.

---

[1] *See* CBAs I & II, Article 3(a)(emphasis supplied).

## CONCLUSION

In light of the foregoing, and for other reasons which will be set forth completely in Plaintiff's opposition to the motion, we believe that the Defendant's anticipated motion to compel arbitration will needlessly occupy judicial resources and will result in unnecessary delay and legal expense.

Respectfully submitted,

*/s/ Steven J. Moser*
Steven J. Moser