# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Loren L. Forrest Jr.
+1 212-513-3370
Loren.Forrest@hklaw.com

October 4, 2021

Judge Pamela K. Chen
Courtroom: 4F
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Carlos Collazos v. Garda CL Atlantic, Inc.*; 21-cv-02095-PKC-JRC

Dear Judge Chen:

      Garda CL Atlantic, Inc. ("Garda") writes this brief reply to Plaintiff, Carlos Collazos's October 1, 2021 letter to the Court (the "Letter"). Garda respectfully requests a pre-motion conference to clarify and correct the issues raised in Plaintiff's Response to Garda's Request for leave to file a Motion to Compel Arbitration and Stay the Proceeding Pending Arbitration.

## I. THE GRIEVANCE AND ARBITRATION PROVISIONS ARE CLEAR AND EXPLICIT

      The grievance and arbitration provisions in both the current and 2017 Labor Agreement (**Exhibits 1 and 2**, respectively) are clear and explicit. By way of reminder, Article 4 of the Labor Agreement, states:

> "(a) A grievance is defined as a condition that exists as a result of an unsatisfactory response or adjustment or failure to adjust **a legitimate controversy, claim or dispute by an employee, shop steward or the Union concerning entitlement to compensation, benefits, hours, or working herein**, including without limitation . . . **any claim under any federal, state or local law, statute or regulation** or under any common law theory whether residing in contract, tort or equity or any other claim related to or part of the employment relationship. Emphasis added.
>
> "(b)  **Any grievance shall be presented in writing to the Company by the Union representative** ..
>
> "(d) **The arbitrator shall be selected** from a list of seven (7) provided by the Federal Mediation and Conciliation Service or other agreed upon mediation and arbitration service, within five (5) calendar days. . .after a panel has been presented to both parties…"

*See* **Ex. 1**, Article 4 (emphasis added). Like the claims at issue here, the grievance and arbitration provisions specifically contemplates claims concerning "entitlement to compensation, benefits, hours, or working . . .". *Id*. In his Letter, Plaintiff cites to *Lawrence v. Sol G. Atlas Realty Co., Inc.*, to argue that the instant grievance and arbitration provision is not "clear and unmistakable". Plaintiff's conclusion is clearly incorrect. The court in *Lawrence v. Sol G. Atlas Realty Co.*, specifically states that the "clear and unmistakable" standard simply requires "specific references in the CBA either to the statues in question or to the statutory causes of action generally." 841 F.3d 81, 84 (2nd. Cir. 2016). Here, both CBA's specifically reference "**any claim under federal, state or local law**" clearly statutory causes of action consistent with *Lawrence*, that make up the basis of Plaintiff's lawsuit. Accordingly, arbitration is appropriate and mandatory.

## II. PLAINTIFF IS BOUND BY THE TERMS OF THE CURRENT LABOR AGREEMENT

To the extent Plaintiff argues he is only bound by the terms in the 2017 Labor Agreement (**Exhibit 2**) and not the current Labor Agreement, he is incorrect. Both Agreements contain nearly identical Grievance and Arbitration Provisions. Although the 2017 Labor Agreement does not contain the class action waiver, its absence has no impact here, as the current Labor Agreement controls. *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 98 (2d Cir. 1999) (arbitration clause covering claims "arising under or relating to" the agreement encompassed claims pre-dating the arbitration clause); *Duraku v. Tishman Speyer Props., Inc.*, 714 F. Supp. 2d 470, 474 (S.D.N.Y. 2010) (the court held, although the agreement did not expressly state it applied retroactively, such failure did not "relieve plaintiffs of their obligation to abide" by the alternative dispute resolution procedure.); *Pontier v. U.H.O. Mgmt. Corp.*, No. 10 CIV. 8828 RMB, 2011 WL 1346801, at *3 (S.D.N.Y. 2011) (same).

## III. THE ARBITRATION PROVISION IS MANDATORY

The CBA contains a mandatory arbitration provision, which provides that "the arbitrator **shall** be selected . . ." to decide differences between the parties. *See* **Ex. 1 & 2**, Article 4. (emphasis added). Garda's interpretation of the Arbitration provision as mandatory is clearly evidenced by the provision's use of the word "shall" rather than "may". Use of the word "may" suggests the clause is permissive rather than mandatory, while use of the word "shall" demonstrates that the clause is mandatory. *Tudee v. Walters*, 35 Misc. 3d 1217(A), *4 (NY Cnty Sup. Ct. 2012); *PM Recovery Grp., Inc. v. Pierce*, 43 Misc. 3d 1212(A), *4 (Nassau Cnty Sup. Ct. 2013); *See Loc. 771, I.A.T.S.E., AFL-CIO v. RKO Gen., Inc. WOR Div.*, 546 F.2d 1107, 1116 (2d Cir. 1977).

There is simply no other way to read the language in the CBA. Plaintiff argues that because paragraph 4(a) of the "Grievance and Arbitration" provision fails to use the word "arbitration" its absence is fatal. Plaintiff goes on to argue that the arbitration process is discretionary because it contemplates whether "arbitration is still necessary . . ." *See* **Ex. 1 & 2**. Plaintiff's arguments are flawed. First, absence of the word "arbitration" in paragraph 4(a) has no bearing on the requirement to arbitrate. Indeed, paragraph 4(a) is a part of Article 4, which is plainly titled "Grievance and Arbitration". Thus, it's undoubtedly clear that the substance of all paragraphs within Article 4 refer to the parties grievance **and arbitration** process. Finally, although the CBA permits the parties to consider whether "arbitration is still necessary" upon completion of the grievance process, this does not render the arbitration provision optional. Instead, the proper interpretation is that the arbitration provision did not have to be invoked, but once a controversy was raised by one party, it became mandatory with respect to the other party. A plain reading of the provision supports such an interpretation. If the provision were wholly optional, as Plaintiff contends, it would serve no purpose. Parties can always submit disputes to arbitration if they both agree to do so, therefore, there would be no reason to include such a provision. *See, e.g., Garza v. Marine Transp. Lines, Inc.,* 861 F.2d 23, 27 (2nd Cir. 1988) (an "interpretation of the contract ... [that has] the effect of rendering at least one clause superfluous or meaningless ... is not preferred and will be avoided if possible."). It follows that the language considering whether "arbitration is still necessary" was used to mandate arbitration at the insistence of any party, but to indicate that arbitration was not mandatory absent the invocation of the provision by one of the parties. Here, a controversy was raised, therefore the parties must arbitrate.

Pursuant to the above, Garda respectfully requests a pre-motion conference to fully discuss and explore the issues raised by the parties in lieu of expending judicial resources by engaging in motion practice as contemplated by Your Honor's Rules and Practices.

Sincerely yours,

HOLLAND & KNIGHT LLP


By: /s/ Loren L. Forrest, Jr.
    Loren L. Forrest, Jr.