

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

February 10, 2022

**VIA ECF**

Hon. Pamela K. Chen, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

Re:    *Collazos v. Garda CL Atlantic, Inc.,*  21-cv-02095-PKC-JRC

Dear Judge Chen:

The Parties hereby submit this letter seeking a stay of the briefing schedule regarding Defendant's Motion to Compel Arbitration.  While the parties agree that the briefing schedule should be stayed, their respective positions on how to proceed differ and are set forth herein.

**Procedural History.**  On November 10, 2021 the Court set the following briefing schedule with regard to Defendant's anticipated motion to stay and compel arbitration: (1) Defendant's motion due 1/11/2022; (2) Plaintiff's opposition due 2/11/2022; and (3) Defendant's reply, due 2/25/2022.

**Plaintiff's Position**

On January 11, 2022 the Defendant Garda CL Atlantic, Inc. served its motion papers.  One branch of the moving papers, in addition to seeking a stay and arbitration, seeks alternative relief compelling joinder of the Union in this proceeding Pursuant to Rule 19(a) (requiring joinder of a person who claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may[,] as a practical matter impair or impede the person's ability to protect the interest.").  Defendant's position is that the Union must be joined as it has an interest in the interpretation of the CBA at issue.  Indeed,

> The union may be found to be a party to be joined if feasible under Rule 19(a) in actions brought by employees against their employers requiring an adjudication that might have a significant impact on the collective-bargaining agreement because of the union's interest in the operation of that contract.

7 Wright-Miller-Kane, *Federal Practice & Procedure* § 1620 (3d ed. 2001) p. 313; *but see Evans v. Dart*, No. 20 C 2453, 2021 WL 2329372, at *9 (N.D. Ill. June 8, 2021) ("because the court has concluded that the CBA does not speak to the claims raised … it is unclear how proceeding without the Union would prejudice its interest. If Plaintiffs ultimately prevail, Union members will benefit;

if Plaintiffs are unsuccessful, the Union would still be free to pursue its interest in other ways, including through collective bargaining.")

Plaintiff's position is that the Union is *not* a necessary party under Rule 19. However, the Union's right to be heard is a threshold issue which should be addressed prior to the Court's decision on the motion to compel arbitration. Otherwise, it leaves the door open for a later due process challenge to the Court's decision regarding arbitration. *See Moore v. Knowles*, 482 F.2d 1069, 1075 (5th Cir. 1973) ("joinder must be accomplished with the requirements of due process in mind"); *Eakins v. Reed*, 710 F.2d 184, 187 (4th Cir. 1983) (reversing as prejudicial error the lower court's decision to add a defendant just before the conclusion of trial where said defendant had not consented to be bound by the proceedings that transpired prior to his joinder); *Texlon Corp. v. Texlon Corp.*, 596 F.2d 1092, 1099 (2d Cir. 1979) (judgment may be void under Rule 60(b)(4) if the Court "acted in a manner inconsistent with due process.").

Furthermore, although a motion to intervene under Rule 24 must be "timely made", the timeliness of the motion is determined from when the proposed intervenor knew or should have known of her interest. *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996) (quoting *Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1044 (2d Cir. 1988)) ("Among the most important factors in a timeliness decision 'is the length of time the applicant knew or should have known of his interest before making the motion.'") Therefore, it is important to give notice of this action to the Union to the extent it intends on moving to intervene.

Thus, in an abundance of caution, the Plaintiff requests an order directing the Plaintiff to give notice of this action to the Union, and directing the Union to indicate its intention to intervene by a date certain. A proposed order is annexed hereto.

Garda proposes that the Plaintiff be ordered to join the Union. However, the Union is not a necessary party. Third, Garda suggests that the Union must be joined in order to protect its interest in the CBA. However, that interest is preserved simply by putting the Union on formal notice of this action, and giving the Union the opportunity to intervene if it so chooses. The Union shouldn't be forced to litigate simply because Garda feigns concern about the Union's interest.

**Defendant's Position**

Defendant raised the issue that Plaintiff had failed to join a necessary party in its papers seeking a motion to compel arbitration. Contrary to Plaintiff's position, Defendant's position is that the Plaintiff failed to join the Union as a necessary party under Rule 19, given that there is "an adjudication that might have a *significant impact on the collective-bargaining agreement* because of the union's interest in the operation of that contract." *Evans v. Dart*, No. 20 C 2453, 2021 WL 2329372 (N.D. Ill. June 8, 2021) (emphasis added). *See also* 7 Wright-Miller-Kane, Federal Practice & Procedure § 1620 (3d ed. 2001) p. 313. The Union clearly has an interest in the CBA as it is a party to the agreement, which it negotiated, and the adjudication at issue will have a significant impact on the CBA. Notably, the court did not join the union in *Evans*, citing the fact that "the CBA does not speak to the claims raised" in the litigation. *Evans*, 2021 WL 2329372, at *9. In this case, however, the CBA does clearly speak to the claims raised in the litigation, where Defendant's motion to compel arbitration raises issues relating to the interpretation of the

Agreement, and the CBA explicitly places such issues within its scope. *See* Article 4(a) of the Collective Bargaining Agreement ("or the interpretation or application of this Agreement…").

In this case, Plaintiff failed to join the Union. Plaintiff has always known that there was a CBA in effect, since at least June of 2021, and thus that the Union would have an interest impacting its interests in this litigation. However, as far as we know, the Union is not aware of this lawsuit. Thus, Defendant requests an order directing the Union to be made a defendant in this case. FRCP 19(2). ("[i]f a person has not been joined as required, the court must order that the person be made a party).

Pursuant to Rule 19, the Plaintiff must join the Union, and we believe the Court can and should allow more than a reasonable amount of time for the Union to be joined by Plaintiff as a party with a clear interest.

Defendant would like a conference with the Court to discuss this issue more clearly and does not consent to the Plaintiff's proposed Order at this time.

                          Respectfully submitted,

                          */s/ Steven J. Moser*
                            Steven J. Moser

                          /s/ *Loren L. Forrest, Jr.*
                            Loren L. Forrest, Jr.