# Beins, Axelrod & Keating, P.C.

1717 K Street, NW, Suite 1120
Washington, DC 20006 · WWW.BEINSAXELROD.COM
ph: 2020.328.7222 · fax: 202.328.7030

Jonathan G. Axelrod
Justin P. Keating

Of Counsel
Rodney W. Harrell

February 23, 2022

Judge Pamela K. Chen
Courtroom: 4F
Chambers: N 631
225 Cadman Plaza East
Brooklyn, New York 11201

                                    Re:    Motion to Compel Arbitration
                                                  Carlos Collazos v. Garda CL Atlantic, Inc.
                                                  21-cv-02095-PKC-JRC

Dear Judge Chen:

      I am counsel to the United Federation LEOS-PBA, of which the United Federation of Special Police and Security Officers, Inc., is a subsidiary. As discussed more fully below, Local 601 no longer exists. On February 18, 2022, Plaintiffs' counsel Seven Moser transmitted the Court's February 15 Order to the Union. The Court asked whether the Union has a sufficient interest in the *Collazos* litigation to be compelled to become a party to an arbitration under Rule 19 of the Federal Rules of Civil Procedure. Rule 19(a) states as follows:

    (1)    *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:
          (A)    in that person's absence, the court cannot accord complete relief among existing parties; or
          (B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
                (i)    as a practical matter impair or impede the person's ability to protect the interest; or
                (ii)    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

For the reasons stated below, the Union is not a required party.

      **Facts:** On March 11, 2021, Carlos Collazos filed a class action complaint in the Supreme Court of the State of New York alleging that Garda CL Atlantic, Inc. ("Garda") violated several provisions of New York law governing the payment of wages to its employees based in Long Island

City, New York. The Complaint did not allege that Mr. Collazos was represented by a Union or that Garda was violating a collective bargaining agreement between Garda and the Union. On April 16, Garda filed a Notice of Removal based on diversity of citizenship, not on the basis that 29 U.S.C. §185 provided federal question jurisdiction because the litigation involved an alleged breach of a collective bargaining agreement.

On January 11, 2022, Garda filed a Motion to Compel Arbitration. Attached to the Declaration of Loren Forrest, Jr., are two collective bargaining agreements. The first is a contract between Garda and the Union effective between June 1, 2016 and October 12, 2017.[1] The second is a contract between Garda and the Special and Superior Officers Benevolent Association effective between September 1, 2018 and August 31, 2021. They are different unions. We do not know whether the Special and Superior Officers Benevolent Association continues to represent the employees.

Garda's Memorandum of Law (at 2) incorrectly asserts that both contracts were between Garda and the Union. Had Garda's counsel reviewed the contracts attached to Mr. Forrest's Declaration, counsel would have realized the change in representation and, perhaps, would not have filed a motion seeking the Union to become a party to this case even for a motion to arbitrate. This fact was somehow missing from the "Statement of Relevant Facts" submitted by Garda. This distinction may be irrelevant to Garda's claim that Mr. Collazos is required to arbitrate, but it is highly relevant to Garda's claim that the Union is a required party to an arbitration.

The fact is that in 2017, the Special and Superior Officers Benevolent Association filed a petition with the National Labor Relations Board which resulted in the Union's decertification and its replacement on October 12, 2017 by Special and Superior Officers Benevolent Association as the exclusive bargaining agent of Garda's Long Island City employees.[2] Accordingly, Local 601 no longer exists.

**Argument**

**The Union no longer owes a duty of fair representation to the Collazos class.** When a union is decertified, it no longer is required to represent employees in the bargaining unit which decertified it. See NLRB Advice Memorandum (Attached hereto as Exhibit 1). See also *May v. Shuttle, Inc.*, 129 F.3d 165, 177 (D.C. Cir. 1997). The Collazos Complaint was filed in 2021, four

---

[1]Although the contract was intended to expire on May 31, 2019, the Union was decertified on October 12, 2017.

[2]We are attempting to locate the Certification of Representative issued by the NLRB on October 12, 2017 in NLRB Case No. 29-RC-197242. We will submit the Certification when it is located.

years after the Union was decertified and replaced by another labor organization. The Union is not a required party.

**If any labor organization is required to arbitrate, it is the Special and Superior Officers Benevolent Association.** When the Collazos Complaint was filed in 2021, the Special and Superior Officers Benevolent Association was the exclusive bargaining agent for Garda's Long Island City employees and the 2018 contract between Garda and the Special and Superior Officers Benevolent Association was in effect. The Collazos Complaint alleges that the violation occurred during the pendency of the 2018 contract. Garda should request that Special and Superior Officers Benevolent Association process any arbitration, not the Union. The Union is not a required party.

**The 2016 contract does not require the Union to arbitrate a claim that accrued long after its contract expired.** Both the 2016 and 2018 contracts contain Article 4, which defines a grievance "as a condition that exists as a result of an unsatisfactory response or adjustment or failure to adjust a legitimate controversy, claim or dispute by an employee, shop steward or the Union concerning rates of pay, entitlement to compensation, benefits, hours, or working conditions set forth herein ... or any claim under any federal, state or local law, statute or regulation or under any common law theory whether residing in contract, tort or equity or any other claim related to or part of the employment relationship.

We might concede that this is a mandatory grievance provision and that it requires the arbitration of purely statutory claims. See *14 Penn Plaza LLC v. Pyett*, 556 U.S.247 (2009). Even if the Plaintiff or the Plaintiff class is required to arbitrate, we reject the contention that the 2016 contract obligates the Union to arbitrate a "grievance" or claim that did not accrue for years after the union's decertification. See *Nolde Bros. v. Bakery & Confectionery Workers Union*, 430 U.S. 243 (1977). Simply stated, the Union rejects any obligation to continue representing the employees who chose another labor organization as their exclusive bargaining representative.

For the reasons stated herein, the Court should conclude that the United Federation of Special Police and Security Officers, Inc., is not a "required party" within the meaning of Rule 19. Its absence will not impair any party's right or ability to protect their interests. The Union no longer has any interest in the 2016 collective bargaining agreement or the bargaining unit to which it applies.

Judge Pamela K. Chen
February 23, 2022
Page 4

**Should the Court order the Union to arbitrate, the following points must be considered.** The Union can only be required to arbitrate under the 2016 collective bargaining agreement to which it was a party. That agreement does not prohibit class grievances. To the contrary, it permits the Union to grieve; Union grievances are inherently class grievances. Finally, the 2016 agreement permits an award of backpay for only six months unless a longer period is required by law. The New York labor Code has a six year limitations period which the Court should rule must be applied by an arbitrator. (As Garda concedes [Memorandum at 2], the 2018 contract between Garda and the Special and Superior Officers Benevolent Association added a provision prohibiting class grievances for wage issues. The Union cannot be bound by this provision.)

If the Court has further questions, I will be happy to respond.

Respectfully submitted,

*/s/ Jonathan Axelrod*
Jonathan G. Axelrod

Counsel for the the United Federation of Special Police and Security Officers, Inc.

Cc: Loren L. Forrest, Jr. (Loren.forrest@hklaw.com)
Steven Moser (steven.moser@moserlawfirm.com)
Charles Strebeck (charlesstrebeck@gmail.com)
Steve Maritas (steve@leospba.org)

| | |
|---|---|
| From: | (b) (6), (b) (7)(C) |
| To: | Marshall, Sean R.; Heltzer, Daniel M.; Veneziano, Paul |
| Cc: | Bock, Richard; Compton, Kayce R.; Dodds, Amy L.; Belin, Jeremy S.; Shorter, LaDonna |
| Subject: | National Union Special Police Officers Association (NUSPOA) a/w Law Enforcement Officers Security and Police Benevolent Association (LEOS-PBA) (Constellis), 05-CB-228430 & 05-CB-231937 |
| Date: | Thursday, August 5, 2021 12:19:25 PM |

This matter was initially submitted to Advice on the threshold issue of whether an ousted union, which was replaced by another bargaining representative after a Board election and certification, retained any duty of fair representation towards a bargaining unit employee whose pending grievance was filed during the ousted union's tenure as the Section 9(a) representative. In a case-closing email dated May 15, 2019, during the tenure of the prior General Counsel, we acknowledged that the Board had never explicitly held that an ousted union owes such a duty of fair representation regarding grievances that arose prior to its ouster. However, the General Counsel at that time determined that there was such a duty and that this case represented "a vehicle for the Board to expressly decide the issue." (b) (5)

This matter was resubmitted to Advice regarding remedial issues, and we issued corresponding case-closing emails dated January 29 and July 28, 2020.

The matter was resubmitted in light of the confirmation of a new General Counsel, for reconsideration of the threshold issue described above. Accordingly, upon further consideration, inasmuch as there is no duty of fair representation in these circumstances under extant law, there is no basis for issuing complaint and the charges should be dismissed, absent withdrawal.

This email closes this matter in Advice.

(b) (6), (b) (7)(C)