**Law Office of James R. Grisi, LLC**
**199 N. Wellwood Avenue**
**Lindenhurst, NY 11757**
**(646) 258-9449**
laborlawyer@live.com

April 8, 2022

*VIA ECF*
Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom: 4F
Chambers: N 631
Brooklyn, New York 11201

                                        Re: **Collazos v. Garda CL Atlantic, Inc., 21-CV-02095 (PKC)(JRC)**

Dear Judge Chen:

      I am counsel to Special and Superior Officers Benevolent Association. I write to state my client's interest in the referenced matter.

      Special and Superior Officers Benevolent Assocation ("SSOBA") is a party to a series of collective bargaining agreements ("CBA") with defendant Garda CL Atlantic, Inc. ("Garda") covering all full-time and part-time street, shuttle and vault driver/messengers employed by Garda at its terminal in Long Island City. The first CBA, effective September 1, 2018 through August 31, 2021, was succeeded by the current CBA, effective September 1, 2021 through August 31, 2024.

      Both CBAs contain a grievance and arbitration procedure which states that a "grievance" includes "any claim under any federal, state or local law, statute or regulation or under any common law theory whether residing in contract, tort or equity or any other claim related to or part of the employment relationship." By their terms, the CBAs express the agreement reached between the bargaining parties to restrict the processing and resolution of all such claims to the grievance and arbitration procedure.

      Prior to receiving an email from Steven Moser, Esq., counsel for Plaintiffs, on February 28, 2022 with the subject "Notice of Action-Collazos v. Garda", the Union had never received any complaints or grievances from any bargaining unit member concerning wage underpayments.

      Should the Court grant Defendant's motion to compel arbitration, it is respectfully submitted that the only claims that SSOBA can process are those claims which impact those

Hon. Pamela K. Chen
April 8, 2022
Page -2-

workers employed in the bargaining unit on and after September 1, 2018, the effective date of the first CBA between the parties.  Claims of any workers whose employment ceased on or before August 31, 2018 were represented by another Union.

                Respectfully submitted,

                s/*James R. Grisi*

                James R. Grisi

cc:  All counsel via ECF