# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Loren L. Forrest Jr.
+1 212-513-3370
Loren.Forrest@hklaw.com

April 18, 2022

Judge Pamela K. Chen
Courtroom: 4F
Chambers: N 631
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Carlos Collazos v. Garda CL Atlantic, Inc 21-cv-02095-PKC-JRC*

Dear Judge Chen:

Holland & Knight LLP is counsel to the Defendant, Garda CL Atlantic ("Garda"). Garda is in receipt of your Honor's April 11, 2022 Order regarding the issue of whether the United Federation of Special Police and Security Officers, Inc. ("UFSPSO") and Special and Superior Officers Benevolent Association ("SSOBA") are necessary parties to this litigation, and regarding Garda's motion to compel arbitration. Garda is also in receipt of your Honor's Order today, removing SSOBA from this action as an interested party. Garda respectfully responds herein to both Orders.

First, James R. Grisi's April 8, 2022 letter – sent on behalf of SSOBA – incorrectly asserts that "[c]laims of any workers whose employment ceased on or before August 31, 2018 were represented by another Union." As UFSPSO has acknowledged, and as Garda is supplementing with further evidence, SSOBA replaced UFSPSO as the representing union ***on October 12, 2017***.[1] This is crucial given that Plaintiff was still employed by Garda on October 12, 2017, and continued his employment until the Summer of 2018. Thus, it is clear that Plaintiff could and should have filed grievances with UFSPSO before October 12, 2017, and with SSOBA after October 12, 2017 and SSOBA would be required to process grievances at least from October 12, 2017. However, Plaintiff did not file grievances with either union. Instead, he filed this litigation in 2021 as an attempted end-run around the arbitration provisions in the UFSPSO CBA and SSOBA CBA. Given these facts, Garda respectfully requests that the Court issue a revised motion briefing schedule so that Garda may fully brief these issues before the Court decides Garda's motion to compel arbitration.

---

[1] See Exhibit A, NLRB Case Search Results, noting the certification of SSOBA on October 12, 2017. Further, this was also noted in the letter submitted to the Court by UFSPSO on February 23, 2022, UFSPSO noted that SSOBA was certified as the bargaining representative for Garda's unionized employees on October 12, 2017. See Docket # 18, Letter enclosing response from Union by Carlos Collazos (Attachments: # (1) Letter from Union to Hon. Pamela K. Chen) (Moser, Steven).

Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Fort Worth | Houston | Jacksonville
Los Angeles | Miami | New York | Orange County | Orlando | Philadelphia | Portland | San Francisco | Stamford | Tallahassee
Tampa | Tysons | Washington, D.C. | West Palm Beach

Second, Garda would also respectfully request an opportunity to be heard on the issue of whether SSOBA and UFSPSO are necessary parties to the litigation. While Garda understands that the Court's April 11, 2022 order determined that neither union was a necessary party, Garda was not afforded the opportunity to weigh in on this issue. In further briefing, Garda would argue that both unions, and in particular, SSOBA have a legal interest in the case since the Court would be interpreting the provisions of their CBA's. *See, e.g.*, *Scott v. City of New York*, 340 F. Supp. 2d 371, 381 (S.D.N.Y. 2004) ("[t]he joinder of labor organizations may be proper, particularly where the decision may significantly impact the CBA."); *Ware v. City of Buffalo*, 186 F. Supp. 2d 324, 330–331 (W.D.N.Y. 2001) ("[T]he union may be found to be a party to be joined if feasible under Rule 19(a) in actions brought by employees against their employers requiring an adjudication that might have a significant impact on the collective-bargaining agreement because of the union's interest in the operation of that contract.")

Further, as detailed in Garda's Memorandum of Law in Support of its Motion to Compel Arbitration, Garda noted that in Plaintiff's October 1, 2021 Response to Garda's Pre-Motion Letter (Dkt. 13), Plaintiff argues that the current Labor Agreement "is entirely inapplicable, as the Plaintiff was no longer a union member or employee of Garda at the time it became effective", and cites to *Agarunova v. Stella Orton Home Care Agency, Inc.*, No. 16-CV-0638, 2019 WL 1332647, at *4 (E.D.N.Y. Mar. 25, 2019), aff'd, 794 Fed.Appx. 138 (2d Cir. 2020). Garda is clear that in fact, *Agarunova*, does not support Plaintiff's argument, and if anything, supports the proposition that the SSOBA CBA is controlling.

In *Agarunova*, the defendant filed a motion to compel arbitration based on a collective bargaining agreement that did not take effect until after the plaintiff employee's employment ended. *Id*. at 5. The defendant relied on *Rodriguez v. New York Foundation for Senior Citizens Home Attendant Services*, No. 15-CV-9817, 2016 WL 11707094 (S.D.N.Y. July 14, 2016), where the court granted a motion to compel arbitration even though the employee's employment ended prior to the execution of a collective bargaining agreement which contained an arbitration provision. *Id*. The Court in *Agarunova*, however, distinguished *Rodriguez* on a key fact; namely that in *Rodriguez*, a prior-existing collective bargaining agreement already contained an arbitration clause in effect at the time of employment, whereas in *Agarunova*, the prior-existing collective bargaining agreement contained no such clause. *Agarunova*, 2019 WL 1332647 at *5 ("Defendant does not dispute that the collective bargaining agreement did not include any arbitration provision until after the termination of Agarunova's employment, unlike the CBA in *Rodriguez* that was in effect at the time of the Rodriguez plaintiff's employment.").

According to *Rodriguez*, "in the absence of a provision placing a temporal limitation on arbitrability, an arbitration provision may cover claims that accrued prior to the execution of the agreement to arbitrate." *Rodriguez*, 2016 WL 11707094 at *3 (S.D.N.Y. 2016) (citing *Lai Chan v. Chinese-Am. Planning Council Home Attendant Program, Inc.*, 180 F. Supp. 3d 236, (S.D.N.Y. 2016)). As there is no provision in either the CBA of UFSPSO or SSOBA which places a temporal limitation on arbitrability, the provisions of the SSOBA would apply to Collazo's dispute.

However, it is clear that once there is an applicable claim or dispute under a CBA, the mechanism to resolve the claim or dispute is governed by the most recent CBA in effect at the time the grievance has been presented to the Union, which has still not yet been done. *Id*. *See also 1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs*., 520 F. Supp. 3d 588, 607 (S.D.N.Y. 2021) (confirming an Arbitration Award which applied an MOA containing an arbitration clause to employees who left employment prior to the MOA's taking effect, distinguishing *Agarunova* on the grounds that in *Agarunova*, there was no prior-existing CBA containing an arbitration clause).

Further, regardless of whether the UFSPSO CBA or the SSOBA CBA is applicable, Plaintiff would still be bound by a collective bargaining agreement which mandates individual arbitration and for which class arbitration is not an option. *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407 (2019). In *Lamps Plus, Inc. v. Varela*, the United States Supreme Court held that claims compelled to arbitration must be arbitrated on an individual basis unless the agreement expressly authorizes class arbitration. *Id*.

Given these issues raised in Garda's Memorandum of Law in Support of its Motion to Compel Arbitration, and the fact that evidence is clear that Grisi was mistaken about when his union began its representation of Garda's unionized workforce, (which was October 12, 2017) and the fact that SSOBA was unequivocally Collazos' certified bargaining representative as of October 12, 2017, nearly a full year before he left employment at Garda, it is clear that SSOBA has a bona fide legal interest on this Court's potential ruling on Garda's motion to compel arbitration. *Scott,* ("joinder of labor organizations may be proper, particularly where the decision may significantly impact the CBA."); *Ware*, ("union may be found to be a party to be joined if feasible under Rule 19(a) in actions brought by employees against their employers requiring an adjudication that might have a significant impact on the collective-bargaining agreement because of the union's interest in the operation of that contract.").

Accordingly, and respectfully, Garda requests that the Court reconsider its last two Orders, which Garda believes were decided on and based on inaccurate information. Lastly, as previously noted, Garda respectfully requests that the Court consider resetting the scheduling orders for the submission of briefs so that all the parties, including Garda, the Plaintiff and SSOBA as well as UFSPSO may be fully heard. See *Exhibit* A.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**
By: /s/ Loren L. Forrest, Jr.
    Loren L. Forrest Jr.