**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

MOSER LAW FIRM, PC 

April 19, 2022

**VIA ECF**

Hon. Pamela K. Chen, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Collazos v. Garda CL Atlantic, Inc.,* Case No. 21-cv-02095 (PKC)(JRC)

Dear Judge Chen:

    I represent the Plaintiff in the above-referenced matter. I write in response to Garda's letter dated April 18, 2022 (ECF No. 24). The unions are not necessary parties. More importantly, as the unions have declined to grieve the Plaintiff's statutory claims, the arbitration provisions are unenforceable.

    Despite the fact that neither the United Federation of Special Police and Security Officers, Inc. ("UFSPSO") nor the Special and Superior Officers Benevolent Association ("SSOBA")(collectively the "Unions")[1], has stated that they would like to be heard regarding the interpretation of the CBAs, Garda insists that they must be joined. Garda cites to *Scott v. City of N.Y.*, 340 F. Supp. 2d 371, 383 (S.D.N.Y. 2004), which in fact denied the City's motion to join the PBA as an indispensable party. *See* ECF No. 24, at 2. Garda also cites to *Ware v. City of Buffalo,* 186 F. Supp. 2d 324, 330–331 (W.D.N.Y. 2001) for the proposition that "the union may be found to be a party to be joined if feasible under Rule 19(a) in actions brought by employees against their employers requiring an adjudication that might have a significant impact on the collective-bargaining agreement *because of the union's interest in the operation of that contract." See* ECF No. 24, at 2 (emphasis supplied). However, neither UFSPO nor SSOBA have claimed an interest in the interpretation of the CBA.

    One of the purposes of Rule 19 is to "protect interested parties." *Receivership Mgmt. v. A.J. Corso & Assocs.*, No. 19-cv-01385, 2021 U.S. Dist. LEXIS 63101, at *42 (N.D. Ill. Mar. 31, 2021). Here, the Unions have been invited to articulate a clear interest in the outcome of this case, and have declined. Yet, Garda suggests that the Court should not take "No" for an answer.

    Moreover, the Unions have expressly indicated that they will not grieve the Plaintiffs' claims. On February 23, 2022, the UFSPSO indicated that it had no duty to arbitrate the claims

---

[1] ECF No. 23-1 (April 8, 2022).

Hon. Pamela K. Chen, USDJ    MOSER LAW FIRM, PC 
April 19, 2022
Re:     *Collazos v. Garda,* 21-cv-2095
Page 2

brought in this lawsuit.[2] On April 8, 2022, SSOBA disclaimed any duty to grieve the wage complaint of any union member whose employment ceased on or before August 31, 2018.[3] Both collective bargaining agreements only vest the union with the right to present grievances.[4]

Many courts have held that an employee may litigate a statutory claim where the Union has declined to submit it to arbitration under the CBA, "lest the CBA operate as a waiver of the employee's [statutory] rights." *See Espada v. Guardian Serv. Indus.*, No. 18-CV-5443 (ILG) (JO), 2019 U.S. Dist. LEXIS 181187, at *10-11 (E.D.N.Y. Oct. 18, 2019) (compiling cases). Generally, courts have held that, "where the submission of a statutory claim to arbitration is exclusively within the province of the union and the union declines to pursue the matter, the waiver of an employee's right to a judicial forum is unenforceable." *De Souza Silva v. Pioneer Janitorial Servs.*, 777 F. Supp. 2d 198, 206 (D. Mass. 2011); *see Alfonso v. Maggies Paratransit Corp.*, 203 F. Supp. 3d 244, 250-51 (E.D.N.Y. 2016); *Drake v. Hyundai Rotem U.S., Corp.*, CIVIL ACTION NO. 13-0868, 2013 U.S. Dist. LEXIS 122393, 2013 WL 4551228, at *5-6 (E.D. Pa. Aug. 28, 2013); *Brown v. Servs. for the underserved* (*JG*), No. 12-CV-317, 2012 U.S. Dist. LEXIS 106207, 2012 WL 3111903 (E.D.N.Y. July 31, 2012).

**Conclusion.** The Unions' interests have been more than adequately protected by the Court. They are not indispensable parties. Moreover, the disclaimer of both Unions of the right or obligation to file a grievance is, standing alone, grounds for holding the arbitration clause unenforceable. For the foregoing reasons we respectfully oppose Garda's request.

Respectfully submitted,

*Steven J. Moser*
Steven J. Moser

CC:    All counsel of record via ECF

---

[2] ECF No. 18-1.
[3] ECF No. 23-1.
[4] Article 4: "Any grievance shall be presented in writing to the Company by the Union representative within fourteen (14) calendar days from the occurrence or knowledge of the occurrence giving rise to this grievance."