# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Loren L. Forrest Jr.
+1 212-513-3370
Loren.Forrest@hklaw.com

April 20, 2022

Judge Pamela K. Chen
Courtroom: 4F
Chambers: N 631
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Carlos Collazos v. Garda CL Atlantic, Inc* 21-cv-02095-PKC-JRC

Dear Judge Chen:

Holland & Knight LLP is counsel to the Defendant, Garda CL Atlantic ("Garda"). We write in response to Plaintiff Collazos' letter dated April 19, 2022 (ECF No. 25).

Plaintiff states that "the unions have declined to grieve the Plaintiff's statutory claims" and thus concludes that "the arbitration provisions are unenforceable." Neither the United Federation of Special Police and Security Officers, Inc. ("UFSPSO") nor the Special and Superior Officers Benevolent Association ("SSOBA"), however, has declined to grieve Plaintiff's statutory claims, so much as they have provided different accounts of which organization is responsible for submitting Plaintiff's claims to arbitration.

This is decidedly different from the situation cited by Plaintiff, where an employee appealed to the arbitration and grievance procedures in the operative collective bargaining agreement, and the union at issue subsequently refused to submit a claim to arbitration. *Espada v. Guardian Serv. Indus.*, 18-CV-4332, 2019 WL 5309963 (E.D.N.Y. October 18, 2019) (union deciding not to submit employee's claim to arbitration due to employee's "lack of cooperation in the investigation"). Notably, SSOBA has not even had a chance to decline to grieve Plaintiff's statutory claims, as Plaintiff has not submitted his claim to SSOBA. Furthermore, in its first letter to the Court, SSOBA acknowledged that the contractual grievance and arbitration procedure are mandatory and binding for covered claims. And Defendant will not assert any procedural defenses (such as lack of timeliness) if the Court grants its pending motion to compel arbitration of the claims.

In this case, SSOBA's suggestion that it cannot process Plaintiff's claim is based on its mistaken and unfounded belief that it could only process claims of persons employed on and after September 1, 2018, the date of the latter CBA at issue in these proceedings. In fact, SSOBA filed a petition to decertify UFSPSO, resulting in UFSPSO's decertification and replacement on October 12, 2017 by

SSOBA as the exclusive bargaining agent of Garda employees.[1] The implication of SSOBA's claim, that it could not represent *any* of its employees in arbitration for almost a full year until the signing of a modified CBA is legally incorrect. *See e.g. Matter of Morrill*, GSBCA No. 13925-TRAV, 98-1 B.C.A. (CCH) ¶ 29528 (Jan. 27, 1998) (Board Judge rejecting assertion that claim was "not subject to the grievance procedures of the collective bargaining agreement because the claims arose before the effective date of the agreement", noting "[s]ince the collective bargaining agreement does not specifically exclude grievable matters arising before the agreement's effective date, we conclude that the grievance procedure in the agreement … apply as well."; *Loc. No. 503 of Graphic Commc'ns Conf. of Int'l Bhd. of Teamsters v. Cascades Containerboard Packaging-Lancaster*, No. 17-CV-6605 (MAT), 2017 WL 6497624, at *3 (W.D.N.Y. Dec. 19, 2017) ("an employer may not refuse to abide by the terms of a collective bargaining agreement simply because the employees subsequently decide to change their agent. This is so because a union negotiates a collective bargaining agreement as an agent, not as a principal, and the employees in the bargaining unit are ultimately the real parties in interest."). Furthermore, it is undisputed that Collazos' claims (to the extent they exist) accrued during the term of the two CBAs at issue in this case, including SSOBA's CBA, and that SSOBA's CBA was in effect at the time Collazos filed his lawsuit.

As argued in our motion to compel arbitration, when a collective bargaining agreement provides for arbitration and grievance procedures for employee grievances, an aggrieved employee must make an attempt to exhaust the procedures set forth in the governing CBA prior to resorting to judicial relief. *Tand v. Solomon Schechter Day School of Nassau County*, 324 F. Supp. 2d 379, 384 (E.D.N.Y. 2004); *Hoops. v. Keyspan Energy*, 822 F. Supp. 2d 301, 308 (E.D.N.Y. 2011). A court may excuse a plaintiff from exhausting a CBA's dispute resolution procedures, but only where the union representing the employee in the grievance procedure "acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *Hoops*, 822 F. Supp. 2d at 308. SSOBA's speculative statement regarding the hypothetical processing of unsubmitted claims, based on a mistake of fact and law, is not a substitute for these contractual requirements.

Again, Garda asks that the Court allow the briefing cycle to fully end so that Garda, Collazos and SSOBA may fully address these issues and be heard. Garda would need to send an amended brief to Collazos and SSOBA.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**
By: /s/ Loren L. Forrest, Jr.
    Loren L. Forrest Jr.

---

[1] The NLRB's record of the Certification of Representative, dated October 12, 2017, is available at https://www.nlrb.gov/case/29-RC-197242, though the document itself is not publicly available.