**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

MOSER LAW FIRM, PC

July 14, 2022

**VIA ECF**

Hon. Pamela K. Chen, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

Re:    *Collazos v. Garda CL Atlantic, Inc.,*  21-cv-02095-PKC-JRC

Dear Judge Chen:

As an initial matter, please accept my apology for not submitting Plaintiff's opposition to the motion yesterday.  We attempted to file the opposition but the ECF  system would not permit us to file opposition until the Defendant filed its motion, which occurred after close of business yesterday.

This action was commenced in state court on March 11, 2021, and removed by Garda to federal court on April 16, 2021.  Garda served motion papers on January 11, 2022 and again on May 18, 2022 *seeking arbitration under the FAA*, consistent with its pre-motion letter to the Court dated September 15, 2021 (ECF No. 12).

In June 2022 Garda obtained Plaintiff's consent and the Court's permission to "resubmit its brief." However, *Garda did not obtain Plaintiff's consent or the Court's permission to amend its notice of motion to include additional grounds for relief other than the FAA*.  Then, on June 24, 2022, Garda asserted for the first time, in its supplemental brief, that arbitration was compelled under the NY CPLR and the NLRA.  On July 13, 2022, without seeking leave of the Court, Defendant filed a "Revised Notice of Motion" via ECF which had not been previously served on  the Plaintiff and which included alternative bases to compel arbitration under the NY CPLR and the NLRA.  *See* ECF No. 37.

Perhaps Garda's logic is that it is harmless error to file the supplemental Notice of Motion dated July 13, 2022 because it already mentioned the CPLR and the NLRA in its supplemental brief dated June 24, 2022.  However, this position overlooks the fact that Garda only obtained Plaintiff's consent, and more importantly the Court's leave, based upon its representation that "minor revisions" to its brief were necessary to address *Southwest Airlines Co. v. Saxon,* 213 L.Ed.2d 27, 34 (U.S. June 6, 2022). *See* ECF No. 30.   The assertion of new bases for relief goes well beyond what was requested.

At no time before June 13, 2022 (the date on which Garda fully submitted its motion), Garda did not inform the Court of its intention to move pursuant to NY CPLR and the NLRA. Plaintiff didn't find out about Garda's intention to move under the CPLR and the NLRA until June 24, 2022, after it had given limited consent to Garda to supplement its brief to address the *Southwest* case. We understand that a litigant may have an "aha" moment after filing a motion, realizing a fatal flaw. When that happens, a litigant may openly advise the Court of its oversight, and give the Court an opportunity to rule on the propriety of taking a "second bite at the apple." It may be tempting to simply assert the new legal bases and later seek permission ("Ask forgiveness, not permission").[1] The way in which Garda asserted these new legal bases may have been innocent and unintentional. However, these claims were not timely or properly asserted, and this case has been delayed for more than a year based upon Garda's simple representation that arbitration is compelled under the FAA.

To be clear, we believe that even if the Court considers these arguments, arbitration is not compelled. However, under these circumstances, the Court may exercise its discretion to decline to consider ECF No. 37.

Respectfully submitted,

*/s/ Steven J. Moser*
Steven J. Moser

---

[1] The quote is attributable to Admiral Grace

5 E. MAIN ST., HUNTINGTON, NY 11743
WWW.MOSEREMPLOYMENTLAW.COM