# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Loren L. Forrest Jr.
+1 917-854-9800
Loren.Forrest@hklaw.com

July 14, 2022

*Via ECF*

Judge Pamela K. Chen
Courtroom: 4F
Chambers: N 631
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Letter Addressing New Arguments in Plaintiff's July 14, 2022 Cover Letter*
              *Carlos Collazos v. Garda CL Atlantic, Inc.; 21-cv-02095-PKC-JRC*

Dear Judge Chen:

As Plaintiff raises additional arguments, not contained in its Opposition, in its July 14, 2022 cover letter, Defendant submits this letter responding only to these new arguments.

Despite taking this additional opportunity for argument, Plaintiff does not address *Diaz v. Michigan Logistics Inc.*, 167 F. Supp. 3d 375, 380-81 (E.D.N.Y. 2016) in which the court allowed the raising of additional grounds for compelling arbitration under New York arbitration law in defendant's Reply brief. In *Diaz*, the court observed that plaintiff had not raised its FAA § 1 exemption argument until its Opposition papers, and thus allowed defendant to raise its additional grounds in its Reply. The court contrasted its case with that of *Rowley v. City of New York*, No. 00 Civ. 1983 (DAB), 2005 WL 2429514, at *5 (S.D.N.Y. Sept. 30, 2005), where the court did not allow defendant's additional arguments in its Reply brief, as plaintiff in that case had asserted claims giving rise to the additional arguments in its Amended Complaint, thus making defendant's additional arguments less timely. *Id.* ("Throughout their Amended Complaint, Plaintiffs call the reasonableness of Defendants' conduct into question, therefore it was not a new material issue raised in opposition papers").

As in *Diaz*, Plaintiff did not bring up its § 1 argument until his Opposition papers. And it is no small coincidence that Plaintiff did not discuss the § 1 argument with Defendant until shortly after Defendant raised with Plaintiff the newly-decided *Southwest* case – something that Defendant did as a general matter of courtesy. The § 1 argument is thus a "new material issue raised in its opposition papers." This court should accept Defendant's additional grounds not only due to the precedent in *Diaz*, but also because Defendant *went further* and raised the additional grounds in its original Motion to Compel.

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

Finally, it should be noted that Plaintiff's position in its cover letter is strikingly at odds with the position that it took with Defendant in its June 15, 2022 e-mail. In the June 15, 2022 e-mail, Plaintiff initially requested that Defendant not revise its original Memorandum of Law on the theory that Defendant would be able to respond to Plaintiff's FAA § 1 argument, presumably without prejudice, in its Reply brief. Plaintiff now takes the position that issues that it *asked* Defendant to address in its Reply brief, which Defendant has chosen to raise earlier in its original Motion to Compel, are now raised too late. Plaintiff's arguments should be evaluated in this context.

Clearly, *Southwest* was decided during the course of this case's most recent briefing schedule. Given that there was absolutely no prejudice to Plaintiff whatsoever, this Court can and should accept Defendant's submissions. The basis for Defendant's alternative grounds was necessitated by *Southwest*, and not a substantive change in theory. Defendant's arguments remain the same, that Plaintiff is compelled to arbitrate his claim, as a former unionized employee, whose claims are covered by a subsequent collective bargaining agreement. *See e.g., Duraku v. Tishman Speyer Properties, Inc.*, 714 F. Supp. 2d 470, 474 (S.D.N.Y. 2010); *1199SEIU United Healthcare Workers E. v. PSC Cmty. Servs.*, 520 F. Supp. 3d 588, 607 (S.D.N.Y. 2021).

If the Court would prefer, Defendant is more than willing to address these issues during a conference before the Court as well.

Respectfully submitted,

HOLLAND & KNIGHT LLP

Loren L. Forrest Jr.

Cc: All counsel of record via e-mail