# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Andrew N. Choi
+1 212-513-3561
Andrew.Choi@hklaw.com

October 31, 2022

**VIA ECF**

Honorable Steven I. Locke
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Carlos Collazos v. Garda CL Atlantic, Inc., et al.*
Case No. 21-cv-02095 (PKC) (SIL)
**Defendant's Response in Opposition to Plaintiff's Motion to Compel and Defendant's Cross-Motion to Stay Discovery Pending Court's Decision on Defendant's Motion for Arbitration**

Dear Judge Locke:

We represent Defendant Garda CL Atlantic, Inc. ("*Garda*") in the above-referenced case. This communication is respectfully submitted pursuant to both Local Civil Rule 37 and Rule 4(A) of Your Honor's Individual Rules, in order to, as detailed above, **(i)** respond to and oppose Plaintiff Carlos Collazos' Motion to Compel discovery on a non-party subpoena served by Plaintiff upon New York State Worker's Compensation Board ("*WCB*") (ECF Dkt. # 44) ("*Motion to Compel*"), and **(ii)** file a cross-motion in response to the Motion to Compel, seeking an order from the Court staying discovery, until at least such time as the Court resolves the currently pending motion to compel individual arbitration[1] ("*Motion to Stay*").[2]

By way of background and reference, the third-party subpoena to the WCB seeks all submissions by Garda, at any time from March 11, 2015 through present, of the following: (1) C-2 Forms, (2) C-240 Forms, and (3) C-3.

*Opposition to Motion to Compel*

**The Court Should Deny Plaintiff's Motion to Compel: Garda's Confidential Information Will be Unprotected and Compromised**

It is well-established that "a party with a real interest in the documents has standing to raise objections" to production by a non-party in response to a Rule 45 subpoena. *Solow v. Conseco,*

---

[1] Hereinafter, the pending motion to compel individual arbitration will be referred to as the "motion for arbitration".
[2] In order to streamline the Court's review, Defendant submits the Motion to Stay along with its opposition to Plaintiff's Motion to Compel as a single letter motion, instead of submitting two separate filings to the Court.

Atlanta | Austin | Boston | Century City | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Fort Worth
Houston | Jacksonville | Los Angeles | Miami | New York | Orange County | Orlando | Philadelphia
Portland | Richmond | San Francisco | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

*Inc.*, No. 06 Civ. 5988 (BSJ)(THK), 2008 WL 190340 (S.D.N.Y. Jan. 18, 2008). Notably, the Advisory Committee Notes to the 1991 amendments of Rule 45 observe that the Rule "authorizes the court to quash, modify, or condition a subpoena to protect the person subject to *or affected by the subpoena* from unnecessary or unduly harmful disclosures of confidential information." *Solow*, 2008 WL 190340, at *3. (emphasis by court in original). Notably, commercial information is entitled to protection under FRCP 45, and courts have determined that where a party has a confidentiality interest in such commercial information, that the party thereby has standing to challenge a subpoena that seeks disclosure of it. *Id.* at *4 (noting commercial information being sought as part of a Rule 45 subpoena, and concluding that party "has standing to challenge the subpoena").

In the instant matter, Plaintiff seeks documents from the WCB, previously and confidentially submitted by Garda which contain information relating to wage, compensation, job description and employment status of any number if not, potentially, many employees over the past seven-and-a-half years. Such information, which relates to Garda's business operations is, by statute, not publicly available. As already noted by the WCB, such records "are protected from disclosure pursuant to Workers' Compensation Law (WCL) § 110-a, which strictly proscribes their release to non-parties." (ECF Dkt. # 44-1). The confidentiality interest in this case is heightened because the Plaintiff is, under the terms of the collective bargaining agreement (CBA), represented by an entity that engages in collective bargaining negotiations with Defendant, and hence represents a "competitive disadvantage". *Solow*, 2008 WL 190340, at *4 ("[t]hat interest is particularly heightened . . . where the information is sought by a competitor").

In balancing the relevance of the information sought from the WCB, and demanded now with the Motion to Compel, against the probative value of the documents sought, Plaintiff, by his own admission, seeks information relating to only a fraction of the content of the documents requested. Additionally, Plaintiff seeks documents that are *only* relevant if the Court denies that class arbitration is barred by the operative CBA – which in this case explicitly bars class arbitration. Notably, Plaintiff has provided no indication the WCB possesses documents relating specifically to Plaintiff, himself, *i.e.,* specifically Mr. Collazos. Thus, would the Court find no grounds for class arbitration, and Plaintiff must arbitrate his case as an individual, Plaintiff will already be in the possession of thousands of documents containing information relating to as many as dozens if not hundreds of persons, containing personal, private and confidential details of Garda employees (both former and current, presumably) entirely unrelated to his claim against Garda.

While Plaintiff posits the WCL places restrictions on the further distribution of the documents that would be received via the subpoena, there is no protective order in place in this case. The statute cited by Plaintiff contains *none* of the requirements and rules that are typically contained in protective orders, routinely entered into in cases such as the instant case, which specify (1) how such documents are to be managed, (2) who has access, (3) how such documents are to be disposed of, (4) appropriate clawback provisions, (5) procedures for disclosure and use in the proceedings, and (6) limits on discussion of information contained in the documents. As such, Plaintiff's cited statute, WCL § 110-a is an unsuitable proxy for a protective order.

*Defendant's Motion to Stay*

**The Court Should Grant Defendant's Motion to Stay Pending Resolution of Defendant's Motion to Compel Individual Arbitration**

As the question of whether to grant an order staying discovery would dispose of any questions regarding the confidentiality of documents subject to the Rule 45 subpoena, Defendant additionally asks the Court for an order staying discovery in this matter pending resolution of the Motion for Arbitration which is presently before this Court.

In compliance with Local Civil Rule 37.3(a), at approximately 6:00 pm today, I, along with a partner at my firm, reached out by phone to Plaintiff's counsel, Mr. Moser, to discuss the reason, objective and substance of the Motion to Stay, but he was not available. We left a detailed message with the receptionist who took the pertinent information. But, as of the filing of this communication, we have not yet received a return call. While we were unable to reach Mr. Moser, as the Motion to Stay is incompatible with Plaintiff's motion to compel discovery, there is good reason to believe that a conference with Plaintiff would not be successful.

In general, courts in the Second Circuit have stayed discovery, without engaging in further analysis, where there is a motion for arbitration pending before the court. *Alvarez v. Experian Information Solutions Inc.*, No. 2:19-cv-03343-(JS)(JMW), 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021); *see also Intertec Contracting Turner Steiner Intern., S.A.*, No. 98 CIV. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) (referring to this as a "general practice of district courts"); *Ahmad v. Day*, 20-CV-4507, (AT) (GWG) 2021 U.S. Dist. LEXIS 32401, at *1 (S.D.N.Y. Feb. 22, 2021) (emphasizing that "[a]stay pending a motion to compel arbitration should be granted absent compelling reasons to deny it.").

Independent of this rule, motions to stay are subject to the court's discretion upon a showing of good cause, which involves a three-factor analysis.[3] *Alvarez*, 2021 WL 2349370 at *1. This analysis points clearly in favor of granting Garda's Motion to Stay. Courts have found that the first factor tells in favor of a stay where there appears to be a good faith basis for the dispositive motion. *Id.* at *2. In this case, the parties have a CBA which specifically compels *individual* arbitration, and Garda asserts grounds for individual arbitration under both Federal and New York law. (ECF Dkt. # 36). This CBA also applies retroactively to Collazos' situation under the case law of the Second Circuit. *Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391 (2d Cir. 2015). Finally, the Supreme Court has already ruled that arbitration provisions are to be interpreted as not allowing class arbitration, unless the operative CBAs expressly provide otherwise – which the CBAs at issue in this case do not. *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407 (2019).

Regarding the second factor, resolution on the motion to compel will potentially eliminate the need for any onerous discovery. The Court is presently examining the issue of whether individual or class arbitration should be compelled. Where the Court finds that class arbitration is not warranted, all of the discovery which Plaintiff seeks from the WCB will become moot, shortly after the WCB's production. Plaintiff should be required to wait until the Court decides the motion for

---

[3] *Alvarez*, 2021 WL 2349370 at *1 ("The three factors courts use to decide whether good cause has been shown pending a dispositive motion are: first, whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious, second, the breadth of discovery and the burden of responding to it, and third, the risk of unfair prejudice to the party opposing the stay.").

arbitration, as if the motion is granted, Plaintiff would not be entitled to this information anyway—as virtually none of it is at all useful to Plaintiff—as Plaintiff would be at arbitration as a single petitioner, individually representing only himself—not a class of Garda employees. If the motion is denied, Plaintiff would not be any worse for the waiting and could then renew the Motion to Compel before the Court. Additionally, Plaintiff's waiting a short time has the potential to save resources on the part of WCB, who has specifically complained that the discovery request is expensive and onerous. (ECF Dkt. # 44-1).

Regarding the third factor, there is a low risk of unfair prejudice to Plaintiff. The Court's granting of the Motion to Stay would only delay discovery for a short period, and does not limit otherwise available discovery – especially where discovery in the case has not even properly begun. Plaintiff alleges that he will be prejudiced because "an order compelling arbitration would foreclose Plaintiff's ability to obtain the records sought." (ECF Dkt. # 44, p. 7). However, this argument puts the cart before the horse. Where the CBA compels Plaintiff to arbitrate his dispute, he is not by default entitled to discovery tools available in federal court – a consideration that was no doubt weighed as part of the negotiations involved in agreeing to mandatory arbitration under the CBA.

For the foregoing reasons, Defendant requests that the Court deny Plaintiff's Motion to Compel production by the WCB, and additionally grant Defendant's Motion to Stay pending resolution of Defendant's Motion for Arbitration.

I, personally, and on behalf of Garda, thank Your Honor for the Court's time, attention, and courtesies in this matter and, specifically in connection with Garda's response/opposition to the Motion to Compel and in considering the Motion to Stay.

HOLLAND & KNIGHT LLP

By: _____
Andrew N. Choi

cc: Counsel of Record (*via ECF*)