UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Carlos Collazos, *individually and on behalf of all others similarly situated*,

                                Plaintiff(s),

                     -against-

Garda CL Atlantic, Inc.,

                                Defendant(s).

**Case No. 21-cv-02095-PKC/JRC**

**REPLY TO MOTION TO COMPEL**

## I. Background

Non-party New York State Workers' Compensation Board ("Board") hereby responds to Plaintiff's Motion for an Order Permitting Disclosure of Records Pursuant to New York Workers' Compensation Law ("WCL") § 110-a. Plaintiff is seeking compliance with a subpoena dated September 7, 2022, in which Plaintiff seeks the production of Board documents, specifically "C-2", "C-240" and "C-3" documents. See Plaintiff's Exhibits 1-3 attached to the Motion to Compel (Dkt. No. 44).

## II. The Board's Position

For the reasons that follow, as well as the reasons stated in Defendant Garda's Opposition to Plaintiff's motion dated October 31, 2022 (Dkt. No. 46), the Board herby opposes Plaintiff's motion to compel.

On September 16, 2022 the Board promptly responded to Plaintiff's subpoena, objecting pursuant to WCL § 110-a.

Board records containing individually identifiable claimant information, including C-2, C-240, and C-3 forms are protected from disclosure pursuant to WCL § 110-a, which strictly

prohibits their release to non-parties. Disclosure of this "privileged or other protected matter" would constitute a clear violation of WCL § 110-a. See also FRCP Rule 45(d)(3)(A)(iii).

WCL § 110-a(1)(a) provides for the release of Board records "upon the order or subpoena of a court of competent jurisdiction". Furthermore, New York Civil Practice Law and Rules ("CPLR") § 2307 provides that a subpoena for records that is served on a state agency needs to be signed by "a justice of the supreme court in the district in which the book, paper or other thing is located *or by a judge of the court in which an action for which it is required is triable.*" The Board therefore, may only comply with subpoenas duces tecum that are "so ordered."

The applicability of CPLR § 2307 to a federal proceeding is supported by *Matter of Amparo v Dempsey*, 1987 WL 18177 (EDNY). In that case, the Court granted a motion to quash an attorney-signed subpoena served on the NYC Probation Department for probation reports it prepared in accordance with New York State Law. The court determined that these records were protected from disclosure pursuant to New York Criminal Procedure Law ("CPL") § 390.50 (Confidentiality of Pre-sentence Reports and Memoranda), and that the applicant was required to apply to the court for an order directing such disclosure pursuant to CPLR § 2307.

Further, the case of *Matter of Moore v USPS*, 609 F Supp 681 (EDNY 1985), supports the Board's position that it is not required to comply with a subpoena duces tecum signed merely by a party attorney as it was here. The court noted that "New York law requires a 'court order' for the issuance of subpoenas of this type", citing to CPLR § 2302. In determining whether the Postal Service was required to comply with a judicial subpoena, the *Moore* court found that a judicial subpoena duces tecum which was approved by a state court judge for the employee records of a postal worker constituted a "court order". Further, the court noted that the judge who approved

the subpoena used the words "so ordered". Those circumstances are not present here and as such the Board is not under a 'court order' to produce the subject records.

Further, Plaintiff agrees with the Board's position that the Board was not required to comply with his subpoena and explicitly states that "a court order is necessary to obtain the records." (Dkt. 44 at 7).

Plaintiff is seeking the confidential records of hundreds of workers' compensation claimants who are not involved in the subject litigation. The Board is committed to protecting the confidentiality of records in its possession that contain individually identifiable workers' compensation claimant information. Compliance with a subpoena that is signed by a party attorney or clerk ministerially, without the benefit of review by an assigned magistrate or judge, is unlawful. The Board's objection to Plaintiff's subpoena is motivated by its desire to protect claimant information and follow the applicable law.

### III. The Burden and Cost of Production

After review of Plaintiff's subpoena, the Board's Office of General Counsel attempted to determine an estimate of the number of documents that would need to be reviewed in order to determine their responsiveness. There are 199 identified claims with the identified requested forms, many that have more than one requested form (C-2, C-240, C-3) per claim. It is estimated that this would take 28.3 hours by an employee in the Board's Office of General Counsel at a salary grade of 17 ($69,558 annually/$35.67 an hour) to review, totaling $1,009.46.

This estimate is based solely on cases associated to specific FEINs for the two employers requested in the subpoena. If the Board were to search for additional workers' compensation cases using name searches for the requested employers, it would entail much more work.

Given the burdensome nature of Plaintiff's request the Board respectfully asks that should the Court order the Board to comply with the subpoena, the Court should further order Plaintiff to pay the Board for any and all costs associated with the subject document production. Plaintiff has stated he is willing to absorb these costs in his motion (Dkt. 44 at 8).

Dated: November 15, 2022
      Schenectady, New York

                                      NEW YORK STATE WORKERS'
                                      COMPENSATION BOARD

                                      Stephanie Henry
                                      NYS Workers' Compensation Board
                                      328 State Street
                                      Schenectady, New York 12305
                                      Stephanie.henry@wcb.ny.gov
                                      (518) 402-6137

TO: All Counsel of Record (Via ECF)